## Commonwealth *v.* Walker, Appellant.

*Criminal law—Taking a child for purpose of prostitution.*

The Act of May 28, 1885, P. L. 27, relating to taking a woman child under sixteen years of age for the purpose of prostitution, is not repealed by the Act of May 19, 1887, P. L. 128, by which section 91 of the crimes act of March 31, 1860, was amended.

The word "takes," in the first section of the act of May 28, 1885, does not mean merely a taking of a woman child by force, but it means a taking by artifice, cajolery, craft, persuasion or promise, or by the purely voluntary surrender of the person taken.

Argued March 14, 1907. Appeal, No. 141, April T., 1907, by defendant, from judgment of Q. S. Allegheny Co., Sept. T.,

1906, No. 1,396, on verdict of guilty in case of Common-
wealth v. William Walker. Before RICE, P. J., PORTER,
HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.
Affirmed.

Indictment for rape. Before YOUNG, J.

Verdict of guilty, upon which judgment of sentence was
passed.

*Errors assigned* are indicated in the opinion of the Superior
Court.

*Rody P. Marshall, W. J. Brennen* and *William Hunter,* for
appellant.

*H. L. Goebrurg,* district attorney, and *John Marron,* for ap-
pellee.

OPINION BY BEAVER, J., April 15, 1907 :

The defendant was charged in an indictment with three
several offenses, fully described in the charge to the jury of
the trial judge in the court below. He was acquitted of the
offenses charged in the first and second counts and convicted
of the third, under the provisions of section 1 of the Act of
May 28, 1885, P. L. 27.

We have a number of assignments of error, the most of them
relating to the admission and rejection of evidence.

The first, second and third specifications are not assigned in
accordance with our rule XVI. The rulings of the court on
the several offers are not quoted, as required. Independently
of this, however, we see nothing in the assignments requiring
comment or any interference on our part.

The fourth, fifth and sixth assignments relate to the refusal
of the court to arrest judgment, for the reasons therein as-
signed.

The act of 1885, above referred to, was not, in our opinion,
repealed by the act of May 19, 1887, P. L. 128 in and by which
section 91 of the Crimes Act of March 31, 1860, P. L. 382 was
amended. There is no repealing clause in this act of 1887
and there is nothing therein inconsistent with the provisions
of the first section of the act of 1885 above referred to.

There is nothing inconsistent between the offense charged in the first count of the indictment, upon which the defendant was acquitted and that charged in the third count, upon which he was convicted, and the acquittal upon the one did not necessarily, directly or by implication, render a conviction upon the other impossible, under the evidence.

We are entirely satisfied with the charge of the court, specially complained of in the seventh assignment of error, in regard to the meaning of the word "taking," which constitutes the gravamen of the offense of which he was convicted. The word "take," in popular phrase, has over 100 different applications. A fortress may be taken by force, and that is the usual significance of the word, but its taking will be none the less complete if by craft or strategy; so in the use of the word in the act of assembly under consideration, the taking may be by force and against the will of the person taken, but, as the court below very correctly, as we think, states, the taking may be by artifice, cajolery, craft, persuasion or promises, or by the purely voluntary surrender of the person taken. The meaning of the statute was clearly defined by the court in its charge. The rights of the defendant were fully protected. The case was laboriously tried and the charge to the jury clear, full and unbiased.

On a review of the whole case, we see nothing erroneous of which the defendant can justly complain.

Judgment affirmed and the record remitted to the court below to the end that the sentence of the court may be enforced.