Commonwealth *v.* McClain et al., Appellants.

Argued March 25, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*John Patrick Walsh,* for Joseph McClain, appellant.

*Michael von Moschzisker,* with him *Thomas D. Mc-Bride* and *McBride, Lipschitz, Woolston, Berger & Bohlen,* for Joseph McCusker, appellant.

*Colbert C. McClain,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for Commonwealth, appellee.

OPINION BY ARNOLD, J., July 15, 1949:

The defendants, McClain and McCusker, were jointly indicted and tried before the court without a jury, which found McCusker guilty of attempted rape [1] upon Patricia Bonner, thirteen years of age; and found both McCusker and McClain guilty under an indictment for taking, inveigling and enticing this girl for the purpose of sexual intercourse. [2] The appeals of both defendants were argued together and will be disposed of in one opinion. The convictions will be affirmed.

On a Saturday night Patricia Bonner, a thirteen year old girl, was trying to get from her home in North Philadelphia to the home of a friend. She boarded the wrong trolley car and alighted at about 1:00 o'clock in the morning in a region in South Philadelphia which was wholly unfamiliar to her. She started to walk, and, becoming tired, sat down on some steps, when a group of boys of her own age passed her. She then walked toward the street corner, where these same young boys

---

[1] The court stated in his finding: "The testimony [of the officers] as to the position of McCusker on top of the girl, with . . . her clothes up around her neck, coupled with the medical testimony of the recent tear of her hymen, clearly convinces us of his 'attempt to have intercourse.' That is all that the law requires to sustain the conviction."

[2] "Whoever takes a female child under the age of sixteen years for the purpose of . . . sexual intercourse, . . . or inveigles or entices any such minor female child . . ., for the purpose of . . . sexual intercourse, is guilty of a felony . . .": Section 508 of The Penal Code, 18 PS §4508.

required her to go with them to a warehouse and yard about 75 feet from the street. A crowd of "big boys" approached and the first group ran away. The larger boys then took charge and "made [her] lay down," whereupon five or six of them either had intercourse with her or attempted so to do. A marine, seeing the group enter the yard, called the police, who came to the warehouse and found McCusker on top of the girl, whose clothes were around her neck. McCusker and a young man named Boyle started to run but were immediately captured, and the defendant, McClain, was found hiding under a truck which was only 25 feet from the place where McCusker had been on top of the girl. McClain had bloodstains on his shirt. The girl's nose was bleeding, she had lost one shoe, her clothing was covered with dirt, and she was hospitalized for five days.

McCusker and McClain claimed that they had gone into the yard and defecated behind some packing boxes. Examination of the premises by the police officers showed that this was untrue. McClain could give no excuse for hiding under the truck except to say that he didn't want to be locked up. He first denied knowing either McCusker or Boyle, but it later appeared that they had been friends for years. Immediately after his capture McCusker stated to the officers: "All you got on me is trespassing. . . ." Later, in McClain's presence he said (prophetically): "What's the difference, *we* will only get two and a half to five years; what's the difference." Patricia Bonner, the victim, stated in the presence of the two defendants that "they brung me here," and the defendants did not then deny this accusation.

She testified that five or six of these boys had had intercourse with her and identified McClain as being heavier than the rest of the boys. Dr. Killian testified that she had examined Patricia Bonner the day after the attack and that "a rapid, complete examination was

made and, so far as the private parts, there was recent posterior partial tear of the hymen which probably would not permit penetration. . . ." She also testified to bruises on the child's right hand, on the back, on the head and on the legs.

McCusker testified on his own behalf that he had been with Boyle and another young man, and that Boyle wandered away, came back and told him that there was a woman in this wrecking lot or yard; that after they had entered the yard the police officers came; that he ran into the shack, told a girl who was there that if she didn't want to be locked up she had better hide, and that he then hid behind some packing cases. He denied touching the girl. McClain testified that on numerous occasions previously, acquaintances of his would, in the nighttime, provide a keg of iced beer, and that he went there for that purpose. He called no witnesses to corroborate these former beer parties.

McCusker raises only the question of the sufficiency of this evidence to sustain his conviction of attempt to rape. The mere recital of the facts shows that there was ample proof to convict him of that offense.

On the charge of taking, inveigling or enticing the girl for the purpose of sexual intercourse the appellants again raise only the question of the sufficiency of the evidence to sustain that conviction.

The court acquitted McClain on the rape indictment because in the girl's testimony he was identified only because he was heavier than the other boys. He thus received the benefit of a finding which, if made the other way, would have been difficult to reverse. Both defendants argue that to be guilty of taking, inveigling and enticing it must be shown that they used some form of transportation or movement of the girl from one place to another. In other words, that if this group of men had surrounded the girl in the yard and taken hold of her for the purpose of intercourse, there could be no

conviction; but if, for that purpose, they had her move from one place to another, even though only a few feet, they would be guilty. We disagree with this contention.

Section 508 of The Penal Code is a reënactment of the Act of 1885, P. L. 27, except that it is now made a felony. The statute makes it a crime *either* to "take" a female child under sixteen years for the purpose of sexual intercourse, *or* to "inveigle" *or* to "entice" such child for that purpose. A discussion of the meaning of the word "take" is found in *Commonwealth v. Walker*, 34 Pa. Superior Ct. 14. It includes a purely voluntary surrender of the girl's person to the defendant. The use of artifice, cajolery, and any persuasion or promises, also falls within its meaning or the meaning of the words "inveigle" and "entice." Compulsion itself is included within the meaning of "take," which comes from the Scandinavian root "to grasp, grip, seize, lay hold of." The German root is "to put the hand on, to touch." The Oxford Dictionary defines the transitive verb, inter alia, as "to seize," "to get into one's power." We construe the word "take" in the sense of "to seize" or "to get into one's power", including therein either physical possession, or dominion without physical possession. When these defendants took control of this child for the purpose of sexual intercourse they did "take" her within the meaning of the Act. These men compelled the submission of this child to their power and control. Thus the defendants did "take" or "inveigle" or "entice" her for that unlawful purpose. In addition, Boyle, McCusker and McClain acted in concert, and each was an accessory before the fact to the acts of the others. The fact that McClain acted affirmatively in compelling this child to submit may be found not only under the oral testimony but from the fact of blood upon his shirt, which is evidence that he came in contact with the bleeding, abused victim, and then hid 25 feet away.

It is also argued that the court did not consider the testimony of defendants' good repute. Neither the record nor the opinion of the court below shows a disregard of this, but it does appear that a miscarriage of justice would have resulted had the court permitted that testimony to outweigh the actual proof of their victim's abuse.

In Appeal of Joseph McClain to No. 33 October Term, 1949, the assignments of error are overruled, the judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it which had not been performed at the time the appeal was made a supersedeas.

In Appeal of Joseph McCusker to No. 40 October Term, 1949, the assignments of error are overruled and the judgment is affirmed. In Appeal of Joseph McCusker to No. 41 October Term, 1949, the assignments of error are overruled, and the judgment and sentence for attempted rape are affirmed. It is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentences or any part of them which had not been performed at the time the appeals were made a supersedeas. .