**Application of Michael A. GARCIA For a Writ of Habeas Corpus.**
**Civ. A. No. 7806.**

United States District Court
W. D. New York.
April 15, 1958.
On the Merits July 2, 1958.

Michael A. Garcia, pro se.

MORGAN, District Judge.

Filing in forma pauperis allowed.

Petitioner was convicted in Queens County Court on March 28, 1955, on a sixteen count indictment, including a charge of kidnapping, and given a sentence of twenty years to life. Petitioner appealed the conviction to the Appellate Division of the Supreme Court, where he sought leave to appeal as a poor person. Such leave was denied on September 19, 1955, but the time to appeal was extended in order to allow petitioner to perfect his appeal in the ordinary manner. Being an indigent prisoner, petitioner was unable to do this, and his appeal was eventually dismissed for failure to prosecute on January 13, 1958. People of State of New York v. Garcia, 5 A.D.2d 969, 174 N.Y.S.2d 882.

In the meantime, petitioner sought a Writ of Habeas Corpus in Wyoming County Court, Conable, J., presiding, on the grounds that denial of his right to appeal as a poor person amounted to a deprivation of the due process and equal protection guaranteed by the United States Constitution under the reasoning of Griffin v. People of the State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891. Petitioner's application was denied by the Wyoming County Court on July 23, 1957. On subsequent appeal of this denial to the Appellate Division, petitioner was again denied leave to appeal as a poor person on September 23, 1957. Peo-

ple ex rel. Garcia v. Martin, 4 A.D.2d 854, 166 N.Y.S.2d 1009. The Court of Appeals then declined to permit appeal from this order in November, 1957, on the ground that the order of the Appellate Division was neither final nor appealable. Following this, on March 10, 1958, the United States Supreme Court denied certiorari [Garcia v. Martin, 356 U.S. 904, 78 S.Ct. 565, 2 L.Ed.2d 582], respecting the decision of the Court of Appeals.

Petitioner now moves this court for a Writ of Habeas Corpus on the basis of the decision and reasoning of the Supreme Court in Griffin v. People of the State of Illinois, supra.

Petitioner appears to have exhausted his state remedies, and further appears to state facts which, if proved, would warrant relief under Griffin v. People of the State of Illinois. In its decision, the court said at pages 18 and 19 of 351 U.S., at pages 590 and 591 of 76 S.Ct.:

"There is no meaningful distinction between a rule which would deny the poor the right to defend themselves in a trial court and one which effectively denies the poor an adequate appellate review accorded to all who have money enough to pay the costs in advance * * * a State that does grant appellate review can (not) do so in a way that discriminates against some convicted defendants on account of their poverty * * * Statistics show that a substantial proportion of criminal convictions are reversed by state appellate courts. Thus to deny adequate review to the poor means that many of them may lose their life, liberty or property because of unjust convictions which appellate courts would set aside * * * Such a denial is a misfit in a country dedicated to affording equal justice to all and special privileges to none in the administration of its criminal law. There can be no equal justice where the kind of trial a man gets depends on the amount of money he has. Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts."

While it is true that under sec. 456 of the New York Code of Criminal Procedure petitioner could have obtained a certified copy of the stenographic minutes of the entire proceedings of the trial, this removes only one of the financial obstacles posed by the Appellate Division's denial of leave to appeal as a poor person. Thus, in spite of the specific application of sec. 456 of the Code of Criminal Procedure to the decision in Griffin v. People of the State of Illinois, the question still remains whether or not the order of the Appellate Division falls within the prohibition of the reasoning of the court in Griffin v. People of the State of Illinois. Therefore, on the petition of the applicant sworn to on the 4th day of April, 1958 and filed herein, it is hereby

Ordered that Walter B. Martin, Warden of Attica State Prison, appear before this court on the 5th day of May, 1958, at 2:00 o'clock in the afternoon, to show cause, if he has any, why a Writ of Habeas Corpus, or other appropriate relief, should not be granted herein, as prayed for, and that a copy of this order be served upon the said Walter B. Martin, upon Thomas B. McHugh, Commissioner of Correction, Albany, New York, and upon Louis J. Lefkowitz, Attorney General, State of New York, Habeas Corpus Division, State Office Building, Buffalo, New York, by mailing a copy of the said order to the said persons at the addresses set forth herein on or before the 18th day of April, 1958. It is hereby further

Ordered that the presence of the petitioner in court on the return day of this order to show cause is not required.

## On the Merits

Petitioner herein applied to this court, in a petition dated April 4, 1958, for a Writ of Habeas Corpus. On April 15, 1958, this court issued an order to show cause why such a writ should not issue. In that order will be found a chronological listing of the previous applications

made by petitioner, and that listing is included here by reference.

Petitioner's sole ground for relief here is that denial of right to proceed as a poor person has deprived him of due process and equal protection of law under the reasoning of Griffin v. People of the State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891. In New York, Habeas Corpus is available solely to determine whether or not a defendant is held on a legal sentence of a court of competent jurisdiction and, for this reason, petitioner's application for a writ was denied by the Wyoming County Court. This denial was subsequently affirmed by the Appellate Division, Fourth Department, at 4 A.D.2d 854, 166 N.Y.S.2d 1009, following which the United States Supreme Court denied certiorari at 356 U.S. 904, 78 S.Ct. 565, 2 L.Ed. 2d 582.

The function of Habeas Corpus in the Federal courts is similar to that in the New York courts, and even if petitioner's allegations are accepted as true in their entirety, they would not be adequate for the issuance of a writ by this court. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

However, petitioner's papers raise the question of whether he has exhausted his state remedies so that this court may entertain an application for a writ on the merits. Petitioner's original attack upon the judgment of conviction terminated in a decision of the Appellate Division, Second Department, denying leave to appeal as a poor person, and the subsequent statement of the Clerk to Judge Charles W. Froessel of the New York Court of Appeals, in a letter to petitioner dated March 2, 1956, that that court was without jurisdiction to hear an appeal from the order of the Appellate Division.

The subsequent attack upon this denial of leave to appeal as a poor person by seeking a Writ of Habeas Corpus in Wyoming County Court resulted in a denial by that court. Appeal as a poor person from this denial was denied by the Appellate Division, Fourth Department, "on the ground that the papers fail to show merit to the appeal." People ex rel. Garcia v. Martin, 4 A.D.2d 854, 166 N.Y.S.2d 1009. Petitioner attempted to appeal this decision to the Court of Appeals, but his papers were returned to him accompanied by a letter signed by Gearon Kimball, Deputy Clerk of the Court dated February 6, 1958, stating that the order of the Appelate Division was not "a determination upon the merits appealable to or reviewable by this court."

Thus it appears that unless petitioner is able to provide the funds for 23 printed copies of the record on appeal, he is effectively foreclosed from appeal even to the Appellate Division. This, of course, is a practical impossibility for the average inmate of a penal institution. The same is true of petitioner's application for a Writ of Habeas Corpus in the State courts. The practice of the Appellate Division in denying leave to appeal as a poor person in a non-final and non-appealable order in effect exhausts the state remedies of this petitioner.

In the judgment of this court, petitioner's position is equivalent to the exhaustion of state remedies required before this court acquires jurisdiction of a habeas corpus matter. However, the grounds urged by petitioner are legally insufficient as a basis for the issuance of a writ. They are sufficient as a basis for the entertainment of an application for a writ on the merits. Brown v. Allen, supra.

Finally, it should be noted that petitioner has here sought application of the specific ruling of Griffin v. People of the State of Illinois, supra. In effect, he seeks to have this court declare that the practice of the Appellate Division of denying leave to appeal as a poor person in a non-final and non-appealable order is a deprivation of due process and equal protection of law, and further, that this court direct that petitioner either be

granted an appeal in pauperis, or be furnished a transcript and record on appeal.

Even if this court has the power to issue such an order (and we need not decide that question), it would not do so because of the principle, long embedded in Federal law, that the Federal courts will not interfere with the operation of State courts except under the most extreme circumstances. Furthermore, where a reasonable alternative to such interference exists, the Federal courts will follow that alternative.

Therefore, it is the judgment of this court that the grounds urged by petitioner are insufficient for the issuance of a writ and petitioner's application must be, and is, denied. So ordered.