**PEOPLE of the State OF NEW YORK ex rel. Anfield BOWERS, Petitioner,**

v.

**Edward M. FAY, Warden of Green Haven State Prison, Stormville, New York, Respondent.**

United States District Court
S. D. New York.
July 22, 1958.

Joseph D. Tekulsky, and Frederick B. Boyden, New York City, for petitioner.

Louis J. Lefkowitz, Atty. Gen., of the State of New York, Harold Borgwald, Mount Vernon, N. Y., of counsel for respondent.

WEINFELD, District Judge.

Petitioner has applied to this Court for a writ of habeas corpus. He is currently serving a fifteen-year-to-life prison term in Green Haven Prison in New York State, having been sentenced as a fourth offender under the New York Multiple Offender Law[1] pursuant to a judgment of conviction entered in the Kings County Court. Petitioner was twenty-three years old at the time he was sentenced. He challenges here two of the prior convictions on which his sentence was based; both were entered in the State of Pennsylvania on petitioner's plea of guilty. He contends that he was not accorded due process of law because he was not informed of his right to counsel and that this deprived him of adequate representation.

In presenting his petition for relief petitioner appeared pro se. He reviewed at length his efforts to secure relief in the New York and Pennsylvania courts. When these and other efforts failed he presented the pending application. This Court concluded, as required by 28 U.S.C. § 2254, that the petitioner had exhausted all remedies available to him in Pennsylvania and New York and accordingly the matter was properly before this Court. People ex rel. Bowers v. Fay, D.C.S.D.N.Y., 157 F.Supp. 701.

In order to determine whether petitioner has indeed been deprived of due process and in view of the incomplete record of the Pennsylvania proceedings the Court set the matter down for hearing,[2] issued a writ ad testificandum for petitioner's appearance at the hearing and appointed counsel to represent him. Counsel have been most diligent in carrying out their assignment. They interviewed petitioner in prison and journeyed to Philadelphia to investigate the circumstances under which his pleas of guilty were entered.

Petitioner was the only witness who testified at the hearing. Now forty years old he has spent the greater part of his life—indeed the last twenty-four years—in prison for nonviolent offenses mostly involving petty sums. He was born in the deep South and came to Philadelphia with his family at an early age. When he was twelve years old his schooling ended. He never went further than the fifth grade. Until he was fourteen he continued to live with his family; thereafter he lived alone, eking out an existence selling papers, shining shoes and working in factories.

The first judgment of conviction which petitioner attacks was entered in the Court of Quarter Sessions of the Peace of the County of Philadelphia when he was just a few months past sixteen. According to his testimony he was work-

1. N.Y. Penal Law, § 1942.

2. Cf. United States ex rel. Rogers v. Richmond, 2 Cir., 252 F.2d 807.

ing in a shoe shine and cleaning establishment when a friend, about his own age, sought to borrow $7 from him. Petitioner refused to make the loan but accepted the friend's offer to sell him a coat for $4. He had seen the friend wearing the coat on several earlier occasions and assumed that it had been given to him by his parents. On the evening of the day of the purchase a policeman came to the place where petitioner worked and questioned him. Petitioner readily admitted that he bought the coat. His indictment followed. The charge was receiving a stolen overcoat valued at $22.50.

When arraigned petitioner was neither advised of his right to counsel nor of the consequences of his plea. No one was appointed to represent him. The petitioner testified that at the arraignment someone other than the judge stated that he was charged with receiving stolen goods and asked whether he was guilty or not guilty. Petitioner answered guilty. The entire proceeding took less than two minutes and later that day sentence was imposed. Petitioner further testified that neither at the time of arraignment and plea nor at sentencing did the judge or any other person advise him as to his right to counsel; that on neither occasion was he represented by counsel and at no time did anyone offer or suggest the appointment of counsel.

The circumstances surrounding the entry of the plea of guilty to the second challenged judgment of conviction followed the same pattern. Petitioner was not advised of his right to counsel; he was not offered counsel; he was not represented by counsel. The second plea was entered when the petitioner was twenty years of age. At this time he had already experienced prison life, having been sentenced to two years in the State Industrial School on his prior conviction. This time the charge was enticing a female child for the purpose of sexual intercourse. The facts relating to this charge establish that petitioner

met one Lulu Hawthorne in April 1937 and saw her regularly thereafter several times a week. Both were minors. When petitioner asked Lulu's parents for permission to marry her he was told to wait. Unwilling to wait, Lulu and the petitioner ran away. Later, on the promise of Lulu's mother that the requested consent would be forthcoming, they came back but again were refused. Thereupon they ran away a second time. Petitioner fixes this occurrence sometime about the second or third week of January 1938. This time, after living together for a week, Lulu and the petitioner separated and petitioner was subsequently arrested. The indictment charges that he "did unlawfully take * * * inveigle and entice" Lulu.

That the petitioner was an ignorant, uneducated and immature youth on the occasion of both pleas does not admit of doubt. In the first instance he was just past sixteen and in the second just past twenty. It is also beyond question that he was without knowledge of the essential elements of the respective criminal charges against him. The charges to which he pleaded guilty are serious ones. Each carried a substantial prison term. His testimony about each charge, if credited, would suggest that he had a reasonable and plausible defense which he was entitled to present.[3] Petitioner appeared alone without counsel at the time of his plea. He was not advised of his right to counsel and none was assigned to represent him. His testimony on this subject is corroborated by a stipulation to the effect that if an attorney, who through the years has served and who is still serving as public defender in the court where the pleas were entered, were called as witness he would testify that it was not the practice during the period in question to "advise defendants of their right to counsel or of the consequences of a plea of guilty".

■■ The mere denial of or lack of representation by counsel does not, where the charges are of a noncapital nature,

---

3. See Moore v. Michigan, 355 U.S. 155, 160, 78 S.Ct. 191, 2 L.Ed.2d 167; United States ex rel. Savini v. Jackson, 2 Cir., 250 F.2d 349, 352–353.

void a state court conviction.[4] In such a situation it must be shown that the lack of adequate counsel denied the defendant "the fair hearing secured by the Due Process Clause of the Fourteenth Amendment in a state prosecution".[5] The question to be decided is whether in the circumstances of each case the lack of counsel deprived the defendant of a fair opportunity to advance a defense based upon the facts surrounding each charge. As to the first charge it is clear that an essential element of the crime of receiving stolen property was knowledge that the property was in fact stolen.[6] Petitioner's testimony that he believed the friend from whom he bought the coat owned it and that the friend had received it from his parents is not contradicted. This, of course, does not mean that the Court is bound to accept it. After hearing and observing the petitioner, however, and appraising his credibility the Court is satisfied that his version cannot be rejected out of hand and that the failure to advise him as to his right to counsel or to provide counsel was serious. Thus the petitioner was deprived of an opportunity to present a defense which if accepted by the trier of the fact would have required an acquittal. It is too much to expect a raw youth, sixteen years of age, to be familiar with the legal principle that knowledge that the coat was stolen was an essential element of the crime charged. Under the circumstances the failure to advise him of his right to counsel and the failure to assign counsel in the absence of an intelligent waiver, precluded presentation of facts relating to a substantial defense and hence was a denial of that fair hearing which the Constitution commands.

At the time of the second charge petitioner was certainly no more educated than when he was sixteen. The Pennsylvania statue under which the indictment was returned provided:

"Any person who takes a female child under the age of sixteen years for the purpose of prostitution or sexual intercourse, or, without the consent of her father, mother, guardian or other person having legal custody of her person, for the purpose of marriage, or who inveigles or entices any such minor female child into a house of ill-fame or of assignation, or elsewhere, for the purpose of prostitution or sexual intercourse, shall, in every such case, be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to imprisonment at separate or solitary confinement at labor, for not more than five years, or pay a fine not exceeding one thousand dollars, or both, at the discretion of the court." [7]

Petitioner was indicted for taking and for inveigling and enticing a minor female child for the purpose of sexual intercourse. Under the facts testified to by petitioner, however, there is a serious question as to whether the offense charged fell within that part of the statue which speaks of one who "inveigles or entices [a] * * * minor female child into a house of ill-fame, or of assignation, or elsewhere, for the purpose of prostitution or sexual intercourse". At most petitioner's offense was "taking" a female child under sixteen years of age "for the purpose of prostitution or sexual intercourse, or [without consent] * * * for the

4. Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595.

5. Moore v. Michigan, 355 U.S. 155, 159, 78 S.Ct. 191, 193.

6. 1909 Pa.Laws, p. 159, § 1, now 18 P.S. § 4817:
   "* * * if any person shall * * * receive * * * any goods * * * which shall have been stolen or feloniously taken * * * *knowing* the same to have been stolen or feloniously taken * * *." (Emphasis supplied.)

7. 1885 Pa.Laws, p. 27, § 1, now 18 P.S. § 4508. The offense was at the time of the petitioner's indictment only a misdemeanor. It was however a felony in New York, N.Y.Penal Law, §§ 2, 70 and 2460(3), so that the petitioner is considered a fourth offender under N.Y. Penal Law, § 1942.

purpose of marriage". His testimony indicates that he and the girl went away for the purpose of marriage. A portion of the statute covers just that but petitioner was not indicted under it. With respect to "taking" Pennsylvania held at the time of the plea that:

"A fortress may be taken by force, and that is the usual significance of the word, but its taking will be none the less complete if by craft or strategy; so in the use of the word in the act of assembly under consideration, the taking may be by force and against the will of the person taken, but as the court below very correctly, as we think, states, the taking may be by artifice, cajolery, craft, persuasion or promises, or by the purely voluntary surrender of the person taken." [8]

Obviously this presents substantial legal issues which a layman, far more tutored than petitioner, could hardly be expected to present with understanding and intelligence.[9] What is more the petitioner on the day of the alleged offense as charged in the indictment and for one week prior to that time was in prison. Thus an alibi defense could have been advanced in his behalf. All these matters for proper consideration and presentation required the advice, assistance and guidance of counsel. Under the circumstances the failure to advise petitioner of his right to counsel precluded him from making a defense to the charge and deprived him of the fair hearing required by the Due Process Clause.

Accordingly the writ is sustained and the petitioner is remanded for resentencing to the Kings County Court upon his plea of guilty under which the sentence he is now serving was imposed.[10]

The foregoing shall constitute the Court's Findings of Fact and Conclusions of Law.

The Court desires to express its thanks to assigned counsel Joseph D. Tekulsky and Frederick B. Boyden, Esqs., who represented petitioner with conspicuous ability in the best tradition of the Bar.

---

8. Commonwealth v. Walker, 1907, 34 Pa. Super. 14, 16. For an earlier definition to the same effect see Commonwealth v. Kaniper, 1887, 3 Pa.Co.Ct. 276, 280. The Supreme Court of Pennsylvania has since adopted the definition. Commonwealth v. McCusker, 1950, 363 Pa. 450, 457, 70 A.2d 273, 276.

9. United States ex rel. Savini v. Jackson, 2 Cir., 250 F.2d 349, 353.

