**Application of David Cyril READ,**
**For a Writ of Habeas Corpus.**
**Civ. No. 7960.**

United States District Court
W. D. New York.
Aug. 26, 1958.

David Cyril Read, pro se.

MORGAN, District Judge.

Filing in forma pauperis allowed.

Following the denial by this court of petitioner's motion for a Writ of Habeas Corpus on April 15, 1958, and subsequent denial of a motion for reargument on May 14, 1958, on the grounds that petitioner had not exhausted his state remedies, petitioner once again moves for a Writ of Habeas Corpus, alleging that he has exhausted his state remedies.

It appears from petitioner's moving papers that petitioner moved in Supreme Court, Erie County, for a Writ of Error Coram Nobis. The motion

was interpreted as one for resentence and denied on the merits by the Court on May 22, 1958, O'Brien, J., presiding. Petitioner then moved in the Appellate Division of the Supreme Court, Fourth Department, for permission to appeal in pauperis on typewritten copies. This motion was denied by the Court on July 8, 1958, People v. Read, 6 A.D.2d 991, 176 N.Y.S.2d 955, McCurn, J. presiding, on the grounds that "the papers fail to show merit to the appeal." As this is neither a final nor appealable order, petitioner is effectively foreclosed from pursuing his state remedies any further. In accordance with the reasoning of this court in the similar case of The Application of Garcia, 171 F.Supp. 99, decided July 2, 1958, petitioner is deemed to have exhausted his state remedies, thus placing petitioner's matter within the jurisdiction of this court.

The substantive grounds for petitioner's motion concern the sole question of petitioner's present commitment, under a judgment of the Supreme Court, Erie County, Rowe, J., presiding, as a second felony offender under New York Penal Law, McKinney's Consol.Laws, c. 40, § 1941. The basis of the application of Section 1941 was a prior conviction for Armed Robbery in Magistrates Court, Toronto, Ontario, Canada on June 29, 1950. Petitioner contends that the Supreme Court was without power to consider the prior conviction since Section 1941 refers to a prior felony conviction in "any other state, government or county", but not to "any foreign country."

 The distinction is without merit, it being well settled that a prior conviction had in a foreign country is a proper basis for the application of Section 1941, so long as the act involved therein would have been a felony if committed in New York. People ex rel. Stevens v. Jackson, 1953, 283 App.Div. 3, 125 N.Y.S.2d 905; People v. Dacey, 1938, 166 Misc. 827, 3 N.Y.S.2d 156. The act for which petitioner was convicted in Toronto Magistrates' Court would certainly have been a felony if committed in New York.

Therefore petitioner's motion for a Writ of Habeas Corpus must be, and hereby is, denied. So ordered.