**UNITED STATES of America ex rel. David Cyril READ, Relator-Appellant,**

v.

**Walter B. MARTIN, Warden of Attica Prison, Attica, N. Y., Respondent-Appellee.**

**No. 172, Docket 25340.**

United States Court of Appeals
Second Circuit.

Argued Jan. 5, 1959.

Decided Feb. 4, 1959.

David Cyril Read, pro se.

Allan N. Smiley, Asst. Atty. Gen. of the State of New York, New York City (Louis J. Lefkowitz, Atty. Gen., New York City, Paxton Blair, Sol. Gen., Albany, N. Y., and Samuel A. Hirshowitz, Asst. Sol. Gen. of the State of New York, New York City, on the brief), for respondent-appellee.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and GIBSON, District Judge.

**PER CURIAM.**

Relator, convicted in 1954 on a plea of guilty to a felony charge in a New York state court, attacks his sentence as a second offender based upon his conviction of robbery in the Magistrate's Court, Toronto, Ontario, Canada, in 1950. He does not allege that the Canadian procedures which resulted in his conviction were in any way improper or violative of due process, but takes the formal position that New York cannot thus make use of a judgment of a foreign country, asserting also that the court is not one of record, that the offense is not shown to be a felony, and that the information was insufficient. Respondent contends that relator has not exhausted all other remedies available to him. We prefer, however, to put our decision on broad grounds. The same claims were presented in an earlier petition which Judge Burke denied, thereafter refusing a certificate of probable cause. Then on October 17, 1957, we refused such a certificate, saying that the question attempted to be presented as to the Canadian conviction "is one for the state courts and does not present a federal question"; and we dismissed the appeal. We perceive no reason for changing our views; the question of using a Canadian conviction for robbery not challenged for fairness in the appli-

cation of the state second offender law, N. Y. Penal Law § 1941, seems pre-eminently one of state procedure.

Judge Morgan's reasoned memorandum decision, 170 F.Supp. 415, takes this same ground. It appears that meanwhile relator had pressed other attacks, state and federal, attempting to raise the same issues. Under the circumstances the grant of a certificate of probable cause, enabling relator to appeal, appears to have been improvident, merely stimulating him to renewed efforts doomed to fail. Under the circumstances appointment of counsel to present again issues upon which we have already ruled definitely would put an entirely inappropriate burden upon generous officers of the court.

Affirmed.