**UNITED STATES of America ex rel. Gerard DENNIS, Relator-Appellant,**

v.

**Robert E. MURPHY, Warden of Auburn State Prison, Auburn, New York, Respondent-Appellee.**

United States Court of Appeals Second Circuit.

Submitted Feb. 9, 1959.

Decided April 2, 1959.

58

Gerard Dennis, relator-appellant pro se.

Michael Freyberg, Asst. Atty. Gen. of State of New York (Louis J. Lefkowitz, Atty. Gen. of State of New York, on the brief), for respondent-appellee.

Before MADDEN, Judge, United States Court of Claims,* and LUMBARD and MOORE, Circuit Judges.

PER CURIAM.

Relator is presently confined as the result of a 1949 felony conviction had upon his plea of guilty in County Court, Westchester County, to indictments charging various degrees of robbery, burglary and grand larceny. He was sentenced as a fourth offender to serve eighteen years to life imprisonment after the District Attorney had filed informations alleging fourteen prior Canadian felony convictions. New York Penal Law, McKinney's Consol.Laws, c. 40, § 1943. In a subsequent *coram nobis* proceeding in the Westchester County Court it was held that three of the fourteen convictions would have been felonies if committed in New York. The Appellate Division affirmed without opinion, People v. Dennis, 282 App.Div. 747, 122 N.Y.S.2d 909.

In the district court the relator challenged the constitutional propriety of the use by New York of the three prior Canadian convictions for the purpose of increasing his punishment as a multiple offender under New York Penal Law § 1942.

The use of a Canadian conviction in the application of the state multiple offender law is one of state procedure and presents no federal question. United States ex rel. Read v. Martin, 2 Cir., 263 F.2d 606. However, a liberal reading of the petition to the district court shows that it fairly raises factual issues of denial of due process in connection with the Canadian convictions, and, the district court should have further examined these claims.

We do not believe 28 U.S.C. § 2254 requires relator, in his present position, to exhaust whatever remedies may exist in a foreign country and since no remedy exists in New York for challenging the validity of the Canadian convictions, People v. McCullough, 300 N.Y. 107, 89 N.E.2d 335, the requirement of exhaustion of other remedies is deemed to have been complied with. United States ex rel. Savini v. Jackson, 2 Cir., 1957, 250 F.2d 349.

Accordingly we remand the case to the district court for a hearing and suggest that counsel be appointed to represent the relator.

---

* Sitting by designation pursuant to the provisions of 28 U.S.C. § 291(a).