**UNITED STATES of America ex rel. Gerard DENNIS, Petitioner,**

v.

**Robert E. MURPHY, Warden of Auburn State Prison, Respondent.**

**Civ. No. 7280.**

United States District Court
N. D. New York.

Oct. 23, 1959.

Irving Birnbaum, Syracuse, N. Y. (assigned), for petitioner.

Louis J. Lefkowitz, Atty. Gen. of New York (Raymond B. Madden, Asst. Atty. Gen., of counsel), for respondent.

BRENNAN, Chief Judge.

The petitioner is a state court prisoner presently confined under seven concurrent sentences of from eighteen years to life, imposed by a state court in Westchester County on July 7, 1949. In accordance with the provisions of Section 1943 of the Penal Law of the State of New York, McKinney's Consol.Laws, c. 40, an information was filed indicating fourteen

previous convictions of the petitioner in Canada. These convictions were apparently used in the state court as a basis for the imposition of the above sentences as a fourth felony offender.

On September 22, 1958, petitioner's application to this court for a writ of habeas corpus, which in effect attacked the use of said Canadian convictions as a basis for increased punishment in the state court, was denied and a memorandum decision was filed. The denial was based primarily upon the rejection of the petitioner's contention that the New York State statute was unconstitutional as the Canadian convictions were applied thereto. Application for relief was made to the Circuit Court of Appeals, 2 Cir., 265 F.2d 57, 58. That court held that the use of a Canadian conviction presented no federal question. The decision however made a further holding in this language—"However, a liberal reading of the petition to the district court shows that it fairly raises factual issues of denial of due process in connection with the Canadian convictions, and, the district court should have further examined these claims". The proceeding was accordingly remanded to this court for a hearing, which has now been held.

The only allegation found in the petition which raises factual issues of denial of due process appears on page 2 thereof. "These convictions occurred in Police Magistrates' Courts, without petitioner having the assistance of counsel, the offer of assistance of counsel, or any sort of legal counseling from the Police Magistrates, and without petitioner having a clear understanding of statutory wordings or consequences of guilty pleas, beyond the understanding that he would receive less than one year imprisonment upon each plea". The Circuit Court apparently felt that the above allegations were sufficient to raise a constitutional question although there are no allegations of prejudice to the petitioner by reason of youth, education or experience. There are no allegations of overreaching on the part of the Canadian authorities. Upon the hearing however evidence, concerning

all of the above, was received since it was indicated that a liberal interpretation and application of the above allegations should be made.

The fourteen convictions, referred to in the information filed by the District Attorney, and which were apparently used as the basis for the sentences imposed in the state court, are set out below in chronological order.

1. September 18, 1936. Police Magistrates' Court, Town of Brockville. Breaking and entering by night a garage and stealing a car therefrom. Sentence, one year.

2. September 7, 1937. Police Magistrate, City of Toronto. Breaking and entering dwelling house and stealing certain items. Sentence, one year.

3. September 7, 1937. Police Magistrates' Court, City of Toronto. Breaking and entering dwelling house and stealing items therefrom. Sentence, one year.

4. September 7, 1937. Police Magistrate, City of Toronto. Breaking and entering dwelling house and stealing items therefrom. Sentence, one year.

5. September 7, 1937. Police Magistrate, City of Toronto. Breaking and entering dwelling house with intent to commit an indictable offense—to wit; theft. Sentence, one year.

6. September 13, 1937. Police Magistrate, City of St. Catharines. Breaking and entering dwelling house and committing indictable offense of theft. Sentence, one year.

7. September 13, 1937. Police Magistrate, City of St. Catharines. Breaking and entering dwelling house with intent to commit an indictable offense. Sentence, one year.

8. March 4, 1941. Police Magistrate, County of Lincoln, Ontario, Canada. Breaking and entering dwelling house by night with intent to commit the indictable offense of theft. Sentence, one year and 364 days.

9. March 4, 1941. Police Magistrate of Lincoln County, Ontario. Breaking and entering by night dwelling house

with intent to commit the indictable offense of theft. Sentence, one year and 364 days.

10. March 4, 1941. Police Magistrate of Lincoln County, Ontario, Canada. Breaking and entering by night dwelling house and committing therein indictable offense of theft. Sentence, one year and 364 days.

11. March 4, 1941. Police Magistrate, County of Lincoln, Ontario, Canada. Breaking and entering by night dwelling house and committing therein indictable offense of theft. Sentence, one year and 364 days.

12. October 21, 1943. Police Magistrate, City of Toronto. Breaking and entering dwelling house and committing therein the indictable offense of theft. Sentence, two years less one day.

13. October 21, 1943. Police Magistrate, City of Toronto. Breaking and entering dwelling house and stealing items therefrom. Sentence, two years less one day.

14. October 21, 1943. Police Magistrate, City of Toronto. Crime of administering to a woman, or caused to be taken by her, a drug or noxious thing etc. with intent to procure her miscarriage. Sentence, two years less one day.

By a coram nobis proceeding, instituted in the state court in 1952, the petitioner sought to establish that each of the above convictions would not be a felony if committed within the State of New York and therefore were improperly used as the basis for his sentence as a fourth felony offender. The application was denied upon the finding that the seventh, eighth and fourteenth convictions, referred to above, were properly used as the basis for such increased punishment. (People v. Dennis, Co.Ct., 126 N.Y.S.2d 710, affirmed 282 App.Div. 747, 122 N.Y.S.2d 909). Although the holding of the court in the above proceeding does not clearly indicate that the remaining eleven convictions would not be felonies if committed in the State of New York, it is apparent that the decision was so construed by the State of New York. This appears in the brief of the State submitted on an appeal to the Appellate Division, Fourth Department, in 1955. This appeal apparently involves a habeas corpus proceeding later instituted by the petitioner. The brief refers to the decision in People ex rel. Stevens v. Jackson, 283 App.Div. 3, 125 N.Y.S.2d 905 as the basis of the court's opinion in the matter of the error coram nobis proceeding of 1952.

By reason of the above, it may be that only the seventh, eighth and fourteenth convictions, above referred to, should be be the subject of the hearing in this court. Since these convictions however occurred at the same time and place as other convictions, it was deemed advisable to receive evidence as to the existence of due process insofar as it relates to all of the convictions set out in the information filed by the District Attorney. Upon the hearing, the sole evidence offered was that of the petitioner himself. Essentially it showed the following summary of facts.

Petitioner was born in 1920 and was sixteen years of age at the time of his first conviction in 1936. His education consisted of eight years of schooling. His home was broken up by parental disagreements. On each of the occasions of the convictions, above referred to, the petitioner testifies that he was not advised of his right to counsel; was not counselled by the Magistrate in any manner; the charges were not explained to him; he was not informed as to the sentence which might be imposed and he did not understand the nature of the charge or the elements which were legally necessary to make up same. On the occasion of the 1941 and 1943 convictions, he was promised by the prosecutor that if he entered a guilty plea, he would receive a short sentence, not to exceed one year and if he refused to plead guilty, he would receive a severe sentence. No evidence contradicting petitioner's testimony was offered by the State.

The problem then becomes one to determine whether the petitioner received due process in the matter of his guilty pleas, the first one entered when he

was sixteen years of age and the last one when he was twenty-three years of age. That the petitioner has pursued a course of criminal conduct beginning with his first conviction in 1936 may not militate against him in considering whether or not he was afforded the present day concept of due process and fundamental fairness. Guilt or innocence is not the question here. The petitioner's prolific writings, disclosing unpunished violations of law are a source of irritation, but they do not justify a dilution of fundamental rights. Attitudes may be criticized but the full measure of our present day concept of due process is due both the innocent and the guilty.

In evaluating the evidence here, we do not need to go beyond the decision in United States ex rel. Savini v. Jackson, 2 Cir., 250 F.2d 349, 355, and the decisions cited therein.

Petitioner's evidence as to absence of counsel and of any explanation of the crimes charged and the possible punishment therefor is accepted and found accordingly. In fact, such evidence is undisputed and seems to be in accord with the practice in Canadian courts. Petitioner's evidence to the effect that at no time he had knowledge that he could retain his own attorney is however rejected.

The burden of the State is set out in the Savini decision as follows:

"To the extent that any State makes its penal sanctions depend in part on the fact of prior convictions elsewhere, necessarily it must assume the burden of meeting attacks on the constitutionality of such prior convictions."

Evidence is to be weighed, considering the power of one party to produce it and the power of the other to deny it. If the practice of the Canadian courts was other than as testified to by petitioner, the State should have offered proof to that effect.

Lastly, was the petitioner prejudiced by the deficiencies above referred to? Attached to the return are excerpts of the Canadian statutes relative to the violations charged. Breaking and entering a dwelling house with intent to commit an indictable offense comprise a majority of the crimes charged. If the breaking occurs in the nighttime, it may be punishable by imprisonment for life. If it occurs in the daytime, it is punishable by imprisonment for a maximum of seven years. It is naive to say that an untrained young man could understand the operative elements which must exist in each offense. What constitutes breaking? What offenses are indictable? What evidence is necessary to warrant a finding of intent? These elements are not readily understood by the untrained layman. The same statement applies to the abortion charge which may also carry a life sentence. It readily follows that the absence of counsel, the absence of a waiver of counsel, the absence of an explanation of the charges and the elements comprising same and the effect of a guilty plea do not accord with our concept of due process and require a finding that petitioner was prejudiced by reason thereof.

I wish to express my thanks to Attorney Birnbaum who accepted the court's appointment to act for the petitioner in this matter and who has rendered most effective service to him even in the face of unwarranted criticism from the petitioner.

The writ is sustained to the extent that the convictions of the petitioner in the courts of Canada, which are more specifically described above, may not be used by the New York State courts for the purpose of increasing the punishment of the petitioner in said courts as a multiple felony offender.

Ordered that the petitioner be remanded to the custody of the respondent to be held by him pending proceedings to be promptly taken for the petitioner's return to the Westchester County Court for resentence upon the convictions of July 19, 1949.