10-3898-pr
Saracina v. Artus

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of December, two thousand twelve.

Present:
    GUIDO CALABRESI,
    ROBERT A. KATZMANN,
    BARRINGTON D. PARKER,

            *Circuit Judges*.

_____

SCOTT SARACINA,

        *Petitioner-Appellant*,

            v.                                             No. 10-3898-pr

DALE ARTUS,

        *Respondent-Appellee*.

_____

For Petitioner-Appellant:        RANDOLPH Z. VOLKELL, Merrick, N.Y.

For Respondent-Appellee:         LISA ELLEN FLEISHMANN, Assistant Attorney General (Barbara
                                 D. Underwood, Solicitor General, Roseann B. MacKechnie,
                                 Deputy Solicitor General for Criminal Matters, *on the brief*),
                                 *for* Eric T. Schneiderman, Attorney General of the State of
                                 New York.

Appeal from the United States District Court for the Western District of New York (Telesca, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Petitioner-Appellant Scott Saracina was convicted following a jury trial in the New York State County Court, Chautauqua County, of unlawful imprisonment in the first degree, N.Y. Penal Law § 135.10, and assault in the first degree, N.Y. Penal Law § 120.05(1). Classified as a persistent felony offender, he was sentenced to two concurrent, indeterminate prison terms of fifteen years to life. Following various challenges to his conviction in state and federal court, Saracina now appeals from a September 8, 2010 judgment of the district court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 but issuing a certificate of appealability limited to the question of "whether petitioner's claim that he was unlawfully adjudicated a persistent felony offender and improperly subjected to recidivist sentencing under New York State law is a claim that is cognizable on federal habeas review." App. 4. We assume the parties' familiarity with the facts and procedural history of the case.

We review *de novo* a district court's decision to grant or deny a petition for writ of habeas corpus. *Anderson v. Miller*, 346 F.3d 315, 324 (2d Cir. 2003). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, federal habeas review of state court convictions is "narrowly circumscribed." *Portalatin v. Graham*, 624 F.3d 69, 78 (2d Cir. 2010).

> Where . . . the challenged state court decision was adjudicated on the merits, the writ may not issue unless the state court proceeding: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

*Id.* at 79 (footnote omitted) (citing 28 U.S.C. § 2254). For a federal law to qualify as "clearly established" for the purposes of federal habeas review, it must be embodied in the "holdings, as opposed to the dicta," of Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). "And, for a state court decision to be 'contrary to,' or an 'unreasonable application of,' that Supreme Court precedent, the decision must: (1) arrive at a conclusion opposite to that reached by the Supreme Court on a question of law; (2) decide a case differently than the Supreme Court on a set of materially indistinguishable facts; or (3) identify the correct governing legal principle but unreasonably apply that principle to the facts of the prisoner's case." *Portalatin*, 624 F.3d at 79 (internal quotation marks, brackets, and ellipses omitted). State court factual findings are "presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

On appeal, Saracina argues that the question of whether a petitioner was unlawfully adjudicated a persistent felony offender and improperly subjected to recidivist sentencing under New York State law is cognizable on federal habeas review because "the state court made an unreasonable factual determination or, in the alternative, violated appellant's Due Process rights." Pet'r's Br. 6. Saracina's first argument is without merit. Whether a New York court erred in applying a New York recidivist sentencing enhancement statute is a question of New York State law, not a question of fact. And it is well-established that "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Indeed, we have previously held that whether a foreign conviction can serve to enhance a New York State sentence is a question of state law not cognizable on federal habeas review. *See United States ex rel. Dennis v. Murphy*, 265 F.2d 57, 58 (2d Cir. 1959) (per curiam) ("The use of a Canadian conviction in the application of the state

3

multiple offender law is one of state procedure and presents no federal question."); *United States ex rel. Read v. Martin*, 263 F.2d 606, 606-07 (2d Cir. 1959) (per curiam) ("[T]he question of using a Canadian conviction for robbery not challenged for fairness in the application of the state second offender law, N.Y. Penal Law § 1941, seems preeminently one of state procedure.").

Saracina's alternative argument, that his due process rights were violated because the prosecution presented misleading evidence regarding the crime of "common law robbery" in North Carolina, must also fail because this claim is unexhausted and was not included in the certificate of appealability, *see Valverde v. Stinson*, 224 F.3d 129, 136 (2d Cir. 2000) (citing 28 U.S.C. § 2253(c)(3)).

We have considered Saracina's remaining arguments and find them to be unavailing. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK