In the Matter of the Application of JOSEPH W. MOORE and Others, Constituting the Board of Parole of the State of New York, Appellants, for an Order of Mandamus Directed to FRANK B. THORN, Special County Judge, Erie County, Respondent.*

Fourth Department, June 26, 1935.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor General,* of counsel], for the appellants.

*John S. Knibloe,* for the respondent.

LEWIS, J.  The Board of Parole of the State of New York appeals from a denial of its application for a peremptory order of mandamus directing the special county judge of Erie county to vacate an order by which the execution of a sentence of one Walter Groom was suspended, and further directing that he be remanded to State prison to serve the remainder of his sentence according to law.

Walter Groom, to whom I shall refer as the prisoner, was convicted in County Court, Erie county, on November 29, 1926, of rape, first degree, and on December 3, 1926, was sentenced as a second offender by the respondent to imprisonment for a definite term of thirty years.  After serving seven years of that sentence, during which time two applications for executive clemency were denied, it was discovered that at the time the original sentence was imposed no formal "information" relating to a former conviction was on file and that the rights afforded by section 1943 of the Penal Law had not been accorded to the accused.  It was under these circumstances that the prisoner was returned to County Court where, after being questioned upon an "information" properly filed according to statute, he admitted his identity as one who had been previously convicted of attempted rape, second degree, on an occasion prior to the crime for which he was serving a sentence

of thirty years. Thereupon and on November 29, 1933, the respondent vacated the original sentence, resentenced the prisoner to a term of twenty years and at the same time suspended the execution of that sentence and placed the prisoner on probation.

In challenging the action of the special county judge the petitioners contend that the suspension of the sentence imposed November 29, 1933, was an interruption of his imprisonment contrary to section 2188 of the Penal Law and constitutes an illegal encroachment upon the power to grant clemency which, under circumstances disclosed by the record, is exclusively a function of the Executive Department of the State government.

As the remedy chosen by the petitioners is not questioned we pass at once to the merits of this controversy which involves a consideration of the power conferred upon a sentencing authority by sections 2188 and 1943 of the Penal Law. In the following quotations of those statutes, the provisions with which we are chiefly concerned are italicized:

" § 2188. Suspending sentence; suspending execution of judgment; probation. The court, judge, justice or magistrate authorized to impose sentence upon conviction may, except as otherwise provided in this section, (1) suspend sentence, or (2) may impose sentence and suspend the execution of the judgment. In either such case he may place the defendant on probation. * * *. The court from time to time while the defendant is on probation, may extend the period of probation to a date to be fixed in the order, but within the longest period for which the defendant might have been sentenced upon conviction. The court may, at any time within the term of such defendant's probation and while such probation is in force, whether as an original or as an extended term, revoke the order suspending sentence or its execution and may impose such sentence or make such commitment as might have been made at the time of the conviction. *Provided, however, that the imprisonment directed by the judgment, shall not be suspended or interrupted after such imprisonment shall have commenced.*"

" § 1943. Procedure relating to resentencing. If at any time, either after sentence or conviction, it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth either in section nineteen hundred and forty-one or nineteen hundred and forty-two, it shall be the duty of the district attorney of the county in which such conviction was had to file an information accusing the said person of such previous convictions. Whereupon, the court in which such conviction was had shall cause the said person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegations contained

in such information and of his right to be tried as to the truth thereof according to law, and shall require such offender to say whether he is the same person as charged in such information or not. If he says he is not the same person or refuses to answer, or remains silent, his plea, or the fact of his silence, shall be entered of record and a jury shall be empanelled to inquire whether the offender is the same person mentioned in the several records as set forth in such information. If the jury finds that he is the same person or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he is the same person, *the court shall sentence him to the punishment prescribed in said sections nineteen hundred and forty-one and nineteen hundred and forty-two, as the case may be, and shall vacate the previous sentence, deducting from the new sentence all time actually served on the sentence so vacated.*"

It will be noted that although section 2188 endows the court or judge with certain latitude in suspending a sentence, the powers thus conferred are subject to definite limitations, one of which is that " the imprisonment directed by the judgment, shall not be suspended or interrupted after such imprisonment shall have commenced." As to this limitation it has been said: " It will be observed * * * that the proviso did not state that a sentence ' shall not be subsequently ordered suspended ' but that it ' shall not be suspended or interrupted after such imprisonment shall have commenced.' Thus the bar was against the subsequent suspension or interruption, by whatever order, whether prior or subsequent. * * * The proviso was a restriction upon the power conferred by the section of which the proviso was a part. Necessarily, then, it must have inhibited the court which granted the judgment from then granting an order of suspension to take effect after service thereunder had begun. The proviso was a clear recognition of the common-law distinction between the judicial power to *postpone* the execution of a judgment and the executive power to *terminate* the service of a sentence thereunder." (*People ex rel. Holton* v. *Hunt*, 217 App. Div. 428, 431.)

Holding in mind the statutory limitations noted above upon the power of the court to suspend sentence or the execution of judgment, heed must be given to the language of section 1943 of the Penal Law which, when applied to the case now before us, required the respondent, upon vacating the former sentence and resentencing the prisoner, to deduct " from the new sentence all time actually served on the sentence so vacated."

The statute last quoted, when applied to the instant case, requires us to consider the prior confinement of seven years, to which the prisoner was subjected under his original sentence, as a part of his

imprisonment under the corrected sentence. Accordingly, in legal contemplation, the sentence of twenty years imposed November 29, 1933, must be deemed to have commenced on December 3, 1926, the date of the original sentence. It follows that when the respondent in 1933 suspended the sentence which he then imposed and placed the prisoner on probation, he "interrupted" the imprisonment which in legal effect commenced in 1926, and thereby violated section 2188 of the Penal Law.

The respondent contends that the failure in 1926 to accord to the prisoner the rights afforded by section 1943 of the Penal Law made his original sentence void for all purposes. From this it is argued the respondent had the right in 1933, on the occasion when the prisoner was returned for resentence, to proceed as though the original sentence had never been imposed. Such a ruling would disregard the further provision of section 1943 of the Penal Law which recognizes " all time actually served on the sentence so vacated " as a part of the term of the corrected sentence and directs that it be deducted from such term. To that extent at least the statute, which clothed respondent with power to resentence the prisoner, recognized the original sentence and made it legally effective as a part of the twenty-year sentence imposed in 1933. Otherwise the prisoner would have served a confinement of seven years without a sentence and might receive no credit for the same.

The legislative purpose expressed by the enactment of section 2188 of the Penal Law was to define those conditions under which a sentence or the execution of judgment following conviction could be suspended. When by the last sentence of that section the right to suspend or interrupt an imprisonment is denied, the emphasis is upon the clause " after such imprisonment shall have commenced." (*People ex rel. Holton* v. *Hunt, supra.*)

The significance of that statutory prohibition is made clear by the record before us. Before the prisoner commenced to serve the term for which he was sentenced the respondent had power to suspend the sentence or if sentence had been pronounced to suspend the execution of judgment. In either case probation could be directed. (Penal Law, § 2188. Cf. *People ex rel. Woodin* v. *Ottaway*, 247 N. Y. 493.) After imprisonment had commenced the abatement of the term became a subject of clemency which is not within the power of the respondent to direct but is a function exclusively of the Executive Department of the State government. " The power to suspend sentence and the power to grant reprieves and pardons, as understood when the Constitution was adopted, are totally distinct and different in their origin and nature. The former was always a part of the judicial power. The latter was

always a part of the executive power." (*People ex rel. Forsyth v. Court of Sessions*, 141 N. Y. 288, 294; *People ex rel. Hirschberg v. Seeger*, 179 App. Div. 792, 794.)

We hold that the order granted by the respondent, which the petitioners seek to vacate, suspended or interrupted the imprisonment in question after it had commenced and accordingly was contrary to law. It follows the order from which appeal is taken should be reversed on the law and the petitioners' motion for a peremptory order of mandamus granted, without costs.

All concur, except SEARS, P. J., and TAYLOR, J., who dissent and vote for affirmance in the following memorandum: No information having been filed before the original judgment was pronounced, imprisonment thereunder cannot be deemed to have been "suspended or interrupted" under section 2188 of the Penal Law by suspending execution of the sentence after the second judgment for the reason that the purported judgment upon which the prisoner was originally incarcerated was void. Nor can the imprisonment be held to have been suffered under the new sentence because execution cannot precede judgment. The right of the Parole Board to institute this proceeding is by no means clear; but we are not passing upon the question as to such right as it was not raised upon the argument or in the briefs. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Order reversed on the law and motion granted, without costs.