THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREDERICK HUGH GEORGE STEVENS, Respondent, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.  THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Third Department, November 18, 1953.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Herman N. Harcourt* and *Benjamin A. Gilman* of counsel), for appellant.

*John J. Gardner, District Attorney,* for appellant.

*Frederick Hugh George Stevens,* respondent in person.

FOSTER, P. J. Appeal from an order of the County Court of Clinton County sustaining a writ of habeas corpus and remanding relator for resentence before the County Court of Cortland County.

On May 15, 1946, relator pleaded guilty in the Cortland County Court to the crimes of grand larceny, first degree; burglary, third degree, and criminally possessing a pistol. An information was filed by the District Attorney charging relator with three prior felony convictions. He was sentenced as a fourth offender for a period of from fifteen years to life imprisonment.

On April 24, 1950, an order was made in the Supreme Court sustaining a writ of habeas corpus and directing that relator be resentenced as a third felony offender because one of the alleged prior crimes would not constitute a felony if committed in the State of New York. No appeal was taken from that order.

On May 1, 1950, relator was resentenced in the Cortland County Court. An information was filed charging him with two prior felony convictions in the Province of Ontario, Canada. Apparently relator admitted his identity, at least no point as to this phase is raised on appeal. He was then resentenced for the Cortland County crimes as follows: From five to ten years for burglary, third degree; five to ten years for grand larceny, first degree; and five to ten years for criminally possessing a pistol. These sentences were directed to be served consecutively in the order named, and dated as of the original sentence.

On December 2, 1952, relator obtained a writ of habeas corpus from the Clinton County Court, alleging that he was not detained by virtue of a valid judgment. His contention was that the Canadian offenses were not for crimes that would have been felonies in the State of New York because the informations there lacked allegations of intent. Apparently the Clinton County Court agreed with this contention and sustained the writ of habeas corpus. It directed that relator be resentenced

by the Cortland County Court as a first offender. The People appeal from that order.

The People seek a reversal of the order sustaining the writ, and directing a resentence of relator, chiefly upon the ground that the Clinton County Court lacked jurisdiction. That a defendant may invoke habeas corpus to test the legality of his conviction as a subsequent offender is a proposition no longer debatable (*People ex rel. La Placa* v. *Murphy*, 277 N. Y. 581; *People ex rel. Carollo* v. *Brophy*, 294 N. Y. 540; *People ex rel. Newman* v. *Foster*, 297 N. Y. 27; *People ex rel. Milton* v. *Jackson*, 297 N. Y. 708). At the time of his application for a writ relator was confined in a State prison in Clinton County. The County Judge of that county had jurisdiction to issue a writ of habeas corpus upon relator's application (Civ. Prac. Act, § 1239, subd. 3), and hence had jurisdiction to determine any issues properly arising therein. We reach the issue therefore on the merits as to whether the Canadian offenses, as a matter of law, would be considered felonies in this State.

The first Canadian conviction we consider was had in a Magistrates' Court in the city of Toronto on the 3d day of October, 1924. The certificate of conviction reads in part: " the accused on the 6th day of September, in the year 1924 at the City of Toronto, in the County of York, unlawfully did,— Break into and enter the dwelling of Charles P. McMullen, situate at 309 Coxwell Ave. and steal one ring and other articles, his property. Contrary to the Criminal Code, Sec. 458-A ''. This conviction was accepted by the sentencing court here as equivalent to the crime of burglary in the third degree if the offense had been committed in this State.

The Penal Law of this State (§ 404) defines burglary in the third degree as follows: " A person who: 1. With intent to commit a crime therein, breaks and enters a building, or a room, or any part of a building; or 2. Being in any building, commits a crime therein and breaks out of the same, Is guilty of burglary in the third degree ''.

It will be noted that under the Canadian charge relator was not accused of breaking and entering the dwelling house with the intent to commit a crime therein. Felonious intent however is one of the necessary elements of the crime of burglary in the third degree in this State. Breaking and entry would not, in the absence of such felonious intent, constitute burglary. The felonious intent must exist at the time of breaking and entry, and if it is not formed in the mind of the offender until afterwards the crime of burglary at least has not been committed

(*People* v. *Kelley,* 253 App. Div. 430). The commission of a crime after entry may of course be evidence of intent at the time of entry, but in the case of the Canadian conviction no such intent was charged. The lack of an allegation of intent may seem trifling where the proof undisputably shows that a crime was actually committed after breaking and entry, but a comparison of our statute with the section of the Canadian Code under which relator was convicted indicates the distinction to be substantial. Subdivision (a) of section 458 of the Canadian Criminal Code (1924) was entitled " Breaking dwelling by day " and provided: " Every one is guilty of an indictable offence and liable to fourteen years' imprisonment who,— (a) * * * breaks and enters any dwelling-house by day and commits any indictable offence therein * * * ". Patently intent, coincident with breaking and entering, formed no part of this offense, at least so far as legislative language is concerned. No Canadian case law has been cited which compels us to change this conclusion, and we know of no reason why we should attempt to add anything to the language of the statute itself.

Possibly relator might have been convicted of burglary, third degree, in this State because after being in the building he committed a crime therein and then broke out. The difficulty with this theory is that he was not so charged or convicted in Canada.

In considering the effect of his conviction we may not limit ourselves merely to the acts which relator committed. The conviction may be classified as a prior felony only if the crime of which he was convicted in the foreign jurisdiction would have amounted to a felony here. There is a difference, or may be, between the crime of which he was convicted in the foreign jurisdiction and the acts he may have committed here, and hence we must look to the foreign statute under which he was convicted (*People* v. *Olah,* 300 N. Y. 96). With this standard as a guide we reach the conclusion that a violation of subdivision (a) of section 458 of the Canadian Criminal Code, in effect at the time, would not be a felony in this State. So far as we can discover we have no such comparable statute here; and so far as larceny is concerned it may be noted that the value of the ring and other articles stolen was not given.

The second Canadian conviction upon which the People rely took place on the 18th day of September, 1937. Relator was then charged in the following language, that he " did break and

enter the Picton store of the Brewers Warehousing Company, and did steal seventeen cases of one dozen large, Black Horse Ale, and seven cases, one dozen large, John LaBatts Ale, the whole valued at $70.20, the property of the Brewers Warehousing Company. Sec. 461. Being an Indictable offense under the Canada Criminal Code.'' Relator pleaded guilty to this charge in the Magistrates' Court, Province of Ontario. Section 461 of the Canada Criminal Code in effect at the time provided: '' Shop-breaking with intent.— Every one is guilty of an indictable offence and liable to seven years' imprisonment who, either by day or night, breaks and enters any of the buildings, or any pen, cage, den or enclosure mentioned in the last preceding section with intent to commit any indictable offence therein.'' A warehouse was one of the buildings classified in the preceding section. Here the situation is quite different from that involved in the other offense we have considered. Relator pleaded guilty to a crime which would at least be equivalent to burglary in the third degree in this State — that is to say, breaking and entering a building with intent to commit a crime therein. The term '' indictable offence '' is certainly equivalent to our language '' with intent to commit a crime therein ''. Hence we conclude that this conviction was properly classified as a prior felony conviction.

The order appealed from should be modified by directing that relator be resentenced as a second offender rather than a first offender, and as so modified, should be affirmed. Since there is no difference between the punishment which may be imposed upon a second felony offender and a third felony offender relator will gain nothing by way of time so far as the main offenses are concerned. However, he was sentenced and committed as a third offender, which we think was beyond the jurisdiction of the sentencing court, and hence that habeas corpus is a proper remedy. The People concede that relator's sentence for criminally possessing a pistol was excessive and improper. This error may be corrected on resentence.

HALPERN, J. (dissenting). I dissent from the holding that the crime of which the defendant was convicted in Canada in 1924 would not have amounted to a felony if it had been committed here. I do not agree with the construction of section 458 of the Canadian Criminal Code as allowing a conviction for burglary or house-breaking, in a case in which the breaking and entry were innocent and the intent to commit a crime within the dwelling was formed after the completion of the entry. I believe that a

contrary conclusion is warranted, upon a fair reading of section 458, in the light of its common-law background and of the surrounding sections of the Code (see particularly, §§ 457, 459). In any event, the point being an obscure one and no Canadian decision directly in point being available, a hearing should be held at which the opinions of experts in Canadian criminal law may be received. This difficult question of Canadian law should not be summarily decided upon the basis of a literal reading of the statute. *People* v. *Olah* (300 N. Y. 96) does not require us to confine our consideration to the bare words of the foreign statute; under that case, we may, and indeed we must, ascertain as best we can the meaning of the statute in the country which enacted it.

The order should be reversed and a new hearing directed.

BERGAN, COON and IMRIE, JJ., concur with FOSTER, P. J.; HALPERN, J., dissents, in a memorandum.

Order modified, on the law and facts, by directing that relator be resentenced as a second offender rather than as a first offender, and as so modified, affirmed.