THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* GENEVIEVE JUGO, Defendant.

County Court, Suffolk County, March 22, 1954.

*Harry C. Brenner, District Attorney,* for plaintiff.

*Harold Ashare* for defendant.

HAZLETON, Surrogate as Acting County Judge. This defendant, after a plea of guilty to a charge of issuing a check against insufficient funds and a plea of guilty to secreting and disposing of property upon which there was a chattel mortgage, was sentenced by the Police Judge of the Village of Patchogue to the county jail for thirty days upon each charge.

An appeal was taken to the County Court of Suffolk County, which court modified the sentence by remitting the sentence of thirty days upon the check charge, thus reducing by thirty days the sentence imposed by the court below. The defendant, accordingly, was taken into custody and began serving her sentence.

Now comes this application to me (I did not hear the appeal) to commute the sentence to the time already served and liberate the defendant. The reason submitted is that the defendant is suffering from arthritis for which she cannot receive proper treatment while in prison, and her health, as a result, will be impaired. Even the sentencing Police Judge joins in the application by way of a nice affidavit, and the District Attorney interposes no opposition. This is truly an unusual motion. However, be that as it may, even though the way for me to liberate the defendant seems to have been well prepared in advance, I cannot find any statute giving me the power to commute a sentence that has begun to run. When a sentence once begins running it " shall not be suspended or interrupted after such imprisonment shall have commenced." (Penal Law, § 2188: *Matter of Moore* v. *Thorn* 245 App. Div. 180, affd. 270 N. Y. 502: *People* v. *Von Glahn,* 124 N. Y. S. 2d, 274.)

True it is that upon appeal, the County Court may modify or remit the sentence (Code Crim. Pro., § 764). This sentence was modified by this court upon the appeal. However, when it comes to the possible abatement or commuting of the prison term, such subject " has become a matter of clemency which is not within the judicial power of this Court, but belongs to the Executive Branch of our State Government." (*Matter of Moore* v. *Thorn, supra; People* v. *Von Glahn, supra,* p. 276.)

The motion is therefore denied.