THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHARLES VON GLAHN, Appellant.

Argued December 2, 1954; decided December 31, 1954.

*Samuel L. Hays, Reginald C. Smith* and *Pierre G. Lundberg* for appellant.

*Harry C. Brenner, District Attorney* (*Henry Tasker* or counsel), for respondent.

Judgment affirmed.

Concur: LEWIS, Ch. J., DESMOND, DYE, FULD and FROESSEL, JJ. VAN VOORHIS, J., dissents in opinion. Taking no part: CONWAY, J.

VAN VOORHIS, J. (dissenting). It seems to me that there is a distinction between this case and *Matter of Moore* v. *Thorn* (245 App. Div. 180, affd. 270 N. Y. 502) in that here the defect did not consist in some informality, such as failure to file an information, which, when later filed, showed the facts to be those which the court had assumed to be true in making the original sentence, but the narrative of events has developed that the underlying crime on the basis of which appellant was sentenced as a second felony offender should not have been counted as a felony. By coincidence he had been guilty of another crime which should have been counted but was not, and that did, in reality, constitute him a second felony offender. When he was resentenced, the court indicated that he might have been dealt with more leniently except for the proviso in section 2188 of the Penal Law that " the imprisonment directed by the judgment, shall not be suspended or interrupted after such imprisonment shall have commenced." The thought which the County Judge evidently had in mind is that the new underlying felony would not justify so long a sentence as the other one which should not have been regarded in measuring the original sentence; nevertheless, he considered himself to have been deprived of judicial discretion by the language quoted from section 2188. In the *Thorn* case, the underlying felony was the same, and only procedural deficiencies were corrected; here, the substance has changed. I can find nothing in the statutes which makes it mandatory to perpetuate the original sentence which was imposed upon an erroneous assumption of fact, by reason of an underlying felony that should not have been considered; this statute does not purport to prohibit the County Court from exercising its judicial discretion on the basis of appellant's criminal record as it actually was. The words contained in

section 1943 of the Penal Law do not require this result, that there shall be deducted " from the new sentence all time actually served on the sentence so vacated." If the resentence proves to be less than the time already served, this language appears to signify merely that a defendant shall go free. Otherwise, it is to be deducted from the time which the court sees fit to impose in resentencing. I find nothing in *Moore* v. *Thorn* which militates against such a construction, where the resentence is based upon a different underlying felony.

The order appealed from should be reversed and the matter remanded to the County Court of Suffolk County to resentence appellant under the statutes in accordance with its judicial discretion.

Judgment affirmed.