**UNITED STATES ex rel. Willis E. SMITH, Petitioner-Appellant,**

v.

**Walter B. MARTIN, Warden of Attica Prison, Respondent-Appellee.**

**No. 49, Docket 24077.**

United States Court of Appeals
Second Circuit.
Argued Oct. 3, 1956.
Decided Nov. 1, 1956.

Smith appeals from an order denying his petition for a writ of habeas corpus.

Appellant was received at the New York State Vocational Institution on March 24, 1944 from Onondaga County Court on a charge of Grand Larceny, 2nd Degree, sentenced to a maximum term of five years. While in the hospital in that institution, appellant participated in an assault on an officer and was subsequently indicted in Greene County, New York, on a charge of Assault, 2nd Degree. On December 29, 1944, after a plea of guilty, appellant was sentenced as a second felony offender by the Hon. Paul Fromer, County Judge of Greene County, for an additional term of two years, six months to ten years.

After serving approximately 4½ years of his second sentence, appellant was paroled from Auburn prison on June 7, 1950, declared delinquent on July 2, 1950 and returned to Attica Prison on March 17, 1953 owing 5 years, 5 months, 13 days delinquent time. A warrant was then filed against Smith by the District Attorney of Onondaga County, charging him with Grand Larceny, 1st Degree, committed on December 20, 1952, while on parole. Appellant subsequently pleaded guilty to the indictment and was returned to Attica on June 5, 1953, having been sentenced as a third felony offender by the Hon. Leo W. Breed in Onondaga County Court to a term of five to ten years for Grand Larceny in the first degree.

Appellant is currently serving the balance of his 2½ to 10 year sentence for Assault 2nd Degree. Pursuant to Section 219 of the Correction Law of the State of New York, McK.Consol.Laws, c. 43, the Parole Board has the authority to allow appellant to commence serving the new sentence at the expiration of five years which would be June 5, 1958 or, compel him to serve the full 5 years, 5 months, 13 days in which case he would not start his last sentence until November 18, 1958. The maximum expiration date of appellant's sentence is in 1968.

In his habeas corpus petition he asserted that the conviction in Greene County in 1944 was invalid because it rested on a plea of guilty and, at the time, he was but 17 years of age, of subnormal intelligence, and moreover had been coerced by state officials to waive the assistance of counsel and to plead guilty. Before filing his petition in the court below, he had exhausted his state remedies.

Willis Edwin Smith, pro se.

Jacob K. Javits, Atty. Gen. (Michael Freyberg, Deputy Asst. Atty. Gen., James O. Moore, Jr., Sol. Gen., Albany, N. Y., of counsel), for respondent-appellee.

Before FRANK, MEDINA and HINCKS, Circuit Judges.

PER CURIAM.

If appellant's 1944 conviction were to be upset, he would have to be resentenced in the County Court of Onondaga County for his last conviction of Grand Larceny in the first degree as a second offender rather than a third offender. As a second felony offender, appellant would not be entitled to any sentence less than he actually received in 1953. The Multiple Offenders Law, Section 1941 of the Penal Law of the State of New York, McK. Consol.Laws, c. 40, states in pertinent part, as follows:

> "If the second or third felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for an indeterminate term, the minimum of which shall be not less than one-half of the longest term prescribed upon a first conviction, and the maximum of which shall be not longer than twice such longest term."

In New York, punishment for Grand Larceny in the first degree is imprisonment for a term not exceeding ten years. Penal Law, § 1295. Thus, as a second offender, appellant could not receive a sentence for this offense with a minimum under five years in any event. He would commence service of such sentence immediately, with credit for time, retroactive to June of 1953. The minimum expiration date of such sentence would not be until June of 1958 and therefore, appellant's application is premature. See Mc-

Nally v. Hill, 293 U.S. 131, 138–139, 55 S.Ct. 24, 79 L.Ed. 238; Holiday v. Johnston, 313 U.S. 342, 349, 550, 61 S.Ct. 1015, 85 L.Ed. 1392.

In the light of the foregoing, we have not considered appellant's contentions concerning the invalidity of his second conviction.

Affirmed.