UNITED STATES ex rel. Willis E. SMITH, Petitioner-Appellant.

v.

Walter B. MARTIN, Warden of Attica Prison, Respondent-Appellee.

No. 49, Docket 24077.

United States Court of Appeals
Second Circuit.

Submitted Jan. 3, 1957.

Decided Jan. 25, 1957.

Willis E. Smith, pro se.

Before FRANK,* MEDINA and HINCKS, Circuit Judges.

PER CURIAM.

Relator overlooks the fact, stated in our original opinion, that even if one of his prior convictions were set aside, and he were resentenced as a second rather than a third felony offender, the minimum period to which the judge could sentence him under New York Penal Law, McKinney's Consol.Laws, c. 40, § 1941, would be five years, which would expire in 1958.

Relator appears correct in his contention that the state courts in New York regard habeas corpus as an appropriate remedy to one sentenced as a third or fourth felony offender when he was in fact only a second or third offender, even though the minimum period to which he should properly be sentenced, has not expired. See People ex rel. Stevens v. Jackson, 283 App.Div. 3, 125 N.Y.S.2d 905. This is on the theory that the court lacks jurisdiction to impose sentence for a third felony offense, where the defendant was in fact only a second felony offender, even though the minimum period of confinement is the same in both cases, Id., 125 N.Y.S. 2d at page 910.

The federal writ of habeas corpus, however, can issue only to release a prisoner from custody, or to order a resentencing where it is possible that on resentence he will be sentenced to no more than the period he had already served. That is not the case here; and a federal court cannot use the writ of habeas corpus as a means of giving a declaratory judgment as to a prisoner's future rights. McNally v. Hill, 293 U.S. 131, 138–139, 55 S.Ct. 24, 79 L.Ed. 238; Holiday v. Johnston, 313

* Judge Frank died before formally approving the foregoing opinion.

U.S. 342, 349, 61 S.Ct. 1015, 85 L.Ed. 1392.

Accordingly, since under petitioner's own allegations, the minimum term of which he would have to be sentenced does not expire until June 1958, his application for the federal writ is premature.

Motion to recall mandate and to file a petition for rehearing denied.