UNITED STATES of America, ex rel. Jack Rogers STOKES, Relator-Petitioner,

v.

Honorable Robert E. MURPHY, Warden, Auburn State Prison, Auburn, N. Y., Respondent.

No. 24486.

United States Court of Appeals Second Circuit.

Submitted Feb. 11, 1957.

Decided March 11, 1957.

Jack Rogers Stokes pro se.

Louis Lefkowitz, Atty. Gen., for respondent.

Before HINCKS, LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

The relator filed with the District Court for the Northern District of New York a "Notice of Appeal" and "Petition for Writ of Error Habeas Corpus" from an order of the Nash County Court of North Carolina dismissing his "Writ of Error Coram Nobis." It appears from the relator's papers and the record of a hearing before Judge Brennan in the Northern District, that Stokes is presently confined in Auburn State Prison, New York, pursuant to a judgment of conviction for the crime of attempted robbery, first degree, imposing upon him, as a third offender, a 7½ to 15 year sentence of imprisonment beginning November 19, 1952. The relator's theory, as it appears from his petition, was that his New York sentence was invalid because it depended on a prior North Carolina conviction which he claims was invalid for various reasons, not now relevant.

Judge Brennan issued an order to show cause directed to the Warden of Auburn Prison and to the Attorney General of New York, and then granted the writ and held a hearing which the relator, assisted by court-appointed counsel, attended. The sole issue at this hearing was the validity of a 1938 North Carolina conviction. From the evidence adduced Judge Brennan concluded that the relator had not sustained his burden of proof as to the invalidity of the North Carolina conviction and discharged the writ. However, he granted a certificate of probable cause for appeal. Thereafter, upon the relator's motion, Judge Brennan granted leave to appeal *in forma pauperis*, but denied the request for assignment of counsel, suggesting that this was a matter for the appellate court to decide. Thereafter, the relator filed a timely notice of appeal and brought on before us this motion for assignment of counsel.

█ It appears from the record of the hearing on the writ below that Stokes had been twice convicted of felonies in North Carolina; once in 1936 and again, in 1938. Judge Brennan so found. On this application for a writ of habeas corpus, only the 1938 conviction is attacked. We must therefore assume that the 1936 North Carolina judgment was valid. It follows that upon the facts most favorable to the relator the third-offender conviction, at most, could be reduced to a second-offender conviction. Since in either case the sentence is the same, Section 1941, Penal Law of the State of New York, McK. Consol. Laws, c. 40, the relator can obtain no relief, at least at this time, through a federal

writ of habeas corpus. United States ex rel. Smith v. Martin, 2 Cir., 239 F.2d 530, rehearing denied 2 Cir., 242 F.2d 701.

■ It thus appears that the assignment of counsel would involve a wholly fruitless imposition upon a member of the Bar. The motion is therefore denied.

And since our examination of the underlying record in connection with the instant motion has served to satisfy us that the appeal is completely lacking in merit, it is hereby and forthwith

Ordered that the appeal be dismissed.