■ RUDY NOVAK, Doing Business as ANSON INSTRUMENT COMPANY, Appellant, v. DE JUR-AMSCO CORPORATION, Respondent.— Order unanimously affirmed, without costs of this appeal to either party. Memorandum: Under the circumstances we believe that a preference for the trial of this action would be warranted. (Appeal from order of Monroe Special Term denying plaintiff's motion for summary judgment.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSHAWAY JACKSON, Appellant.— Order unanimously reversed and proceeding remitted to Monroe County Court for a hearing. Memorandum: While no counsel was assigned by this court in this appeal, there was no need for counsel because the defendant had a copy of all the papers. (People v. Breslin, 4 N Y 2d 73; People v. McCallum, 8 N Y 2d 155.) Upon a consideration of the merits, we reverse and grant a hearing at which counsel should be assigned if requested. Appellant was indicted with others for robbery, first degree. The indictment contained three counts charging violation of subdivisions 1, 2, and 3 of section 2124 of the Penal Law. It is defendant's present contention that he did not knowingly and intelligently enter a plea of guilty, as shown by the record, to a violation of subdivision 3 — robbery while being aided by the use of an automobile. It is unnecessary to rely upon defendant's uncorroborated claim of confusion. The remarks of the court when sentencing defendant clearly establish that the court was of the opinion that defendant had plead guilty to a violation of subdivision 1 — robbery while being armed with a dangerous weapon. We recognize that the punishment in either event may be identical (Penal Law, § 2125), but, in view of the strong statements made by the sentencing court, appellant is entitled to a hearing to clarify the murky record. Perhaps if the sentencing court had been cognizant of the actual plea entered by defendant — according to the record — the maximum sentence might have been different. (Cf. People ex rel. Stevens v. Jackson, 283 App. Div. 3, 8.) (Appeals from order of Monroe County Court denying defendant's application to set aside judgment of conviction rendered December 16, 1954.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK KOLAKOWSKI, Appellant.— Order unanimously affirmed. (See People ex rel. Thierry v. Glasser, 1 A D 2d 929.) (Appeal from order of Erie Supreme Court denying defendant's motion for writ of error coram nobis, without a hearing.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.