THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID TAYLOR, Appellant.—

In our opinion, defendant's guilt under the first count was established beyond a reasonable doubt. There was ample proof to sustain the finding, implicit in the jury's verdict, that he broke into the premises and that he did so with intent to commit the crime of larceny (cf. *People ex rel. Stevens* v. *Jackson*, 283 App. Div. 3, 6–7). We are also of the opinion that the record sufficiently established that the police officer, in arresting defendant, had probable cause to do so (cf. *Draper* v. *United States*, 358 U. S. 307) and that the subsequent search and seizure were therefore lawful (cf. *United States* v. *Di Re*, 332 U. S. 581). While we do not approve the comments of the prosecutor during his summation, under all the circumstances they do not require reversal (Code Crim. Pro., § 542). Neither is reversal required by reason of alleged errors in the charge, to which no exceptions were taken, in view of the overwhelming proof of defendant's guilt under the first count of the indictment. However, defendant's conviction under the second count of the indictment may not be sustained. Such conviction is not supported by the evidence adduced; we find no proof in the record that defendant broke out of the premises as alleged in the indictment (cf. *People* v. *Krevoff*, 11 A D 2d 1053). We have considered defendant's other contentions and find them untenable. Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL VIGGIANO, Appellant.—

No opinion. Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSHUA WHITE, Appellant.—

No opinion. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.