UNITED STATES of America ex rel. Edward BROWN, Petitioner,

v.

WARDEN, GREEN HAVEN PRISON, Respondent.

United States District Court
S. D. New York.
June 19, 1964.

Edward Brown, pro se.

Louis J. Lefkowitz, Atty. Gen. for State of New York, John DeWitt Greg-

ory, Asst. Atty. Gen., of counsel, for respondent.

FEINBERG, District Judge.

Petitioner Edward Brown has applied to this Court for a writ of habeas corpus. He is presently incarcerated at Green Haven State Prison in Stormville, New York. He was convicted in 1960 on his plea of guilty to a charge of attempted grand larceny, second degree, in the County Court of Nassau County, New York [hereinafter referred to as the "1960 conviction"]. On December 6, 1960, petitioner was sentenced as a third felony offender under Section 1941 of the New York Penal Law to a prison term of two to four years.

The prior felonies relied upon by the sentencing court were (1) petitioner's conviction of the crime of attempted burglary, third degree, for which he was sentenced as a second felony offender on October 29, 1945 to a term of five to ten years [hereinafter referred to as the "1945 conviction"], and (2) petitioner's conviction upon his plea of guilty to charges of robbery in the first degree, robbery in the second degree, grand larceny in the first degree, and assault in the second degree, for which he was sentenced on May 26, 1943 (at the age of sixteen) to Elmira State Reformatory for an indeterminate term of not more than thirty years [hereinafter referred to as the "1943 conviction"]. It is the constitutional validity of this 1943 conviction that petitioner seeks to challenge by the instant application on the ground that he was deprived of right to counsel at the time of his arraignment, pleading and sentencing; that he was not advised by the court that he was entitled to counsel; and that he did not intelligently waive his constitutional right to have counsel. Petitioner does not challenge the constitutionality of either his 1945 conviction or his 1960 conviction and, therefore, for purposes of disposition of this petition, these convictions are presumed to be valid. I conclude for the reasons stated below that petitioner's application must be denied as premature.

The federal writ of habeas corpus has been held to be available only when granting the writ would entitle the prisoner to immediate release. Holiday v. Johnston, 313 U.S. 342, 349, 61 S.Ct. 1015, 1017, 85 L.Ed. 1392 (1941); McNally v. Hill, 293 U.S. 131, 137–139, 55 S.Ct. 24, 26–27, 79 L.Ed. 238 (1934). However, the rule has evolved in this Circuit that in multiple offender cases in which the validity of a prior conviction is challenged, the writ may be granted if the prisoner, upon resentencing, *might* be sentenced to a term which has already expired. United States ex rel. Durocher v. LaVallee, 330 F.2d 303, 305 n. 2 (2 Cir. 1964); United States ex rel. Foreman v. Fay, 184 F.Supp. 535 (S.D.N.Y.1960); see United States ex rel. Smith v. Martin, 242 F.2d 701 (2 Cir. 1957); United States ex rel. Smith v. Jackson, 234 F.2d 742, 749 (2 Cir. 1956). Petitioner commenced serving his sentence on the 1960 conviction on November 21, 1963, and is presently serving that sentence concurrently with the balance of the term imposed on the 1943 conviction. The minimum expiration date of the 1960 term is August 18, 1965.[1] Even if the 1943 conviction were set aside and petitioner were resentenced as a second rather than a third felony offender, the minimum period to which the judge could sentence him would be one year and three months. The Multiple Offenders Law, Section 1941 of the Penal Law of the State of New York, provides in pertinent part, as follows:

"If the second or third felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for an indeterminate term, the minimum of which shall be not less than one-half of the longest term pre-

1. Petitioner has been credited with three months and two days of prior jail time.

scribed upon a first conviction, and the maximum of which shall be not longer than twice such longest term."

■ Grand larceny in the second degree is punishable in New York by imprisonment for a term not exceeding five years (Penal Law § 1297). An attempt to commit that crime is punishable in the case of a first offender by imprisonment for not more than half that term (Penal Law § 261) or two and one-half years. For a second or third offender, the minimum term would be one-half of the maximum term for a first offender or one year and three months. Assuming that petitioner were to commence service of such sentence immediately, with credit for time already served, retroactive to November 1963, the minimum expiration date of such sentence would not be until November 1964. Petitioner's application is, therefore, premature. See United States ex rel. Stokes v. Murphy, 242 F.2d 706 (2 Cir. 1957) ; United States ex rel. Smith v. Martin, 239 F.2d 530 (2 Cir. 1956), rehearing denied, 242 F.2d 701 (2 Cir. 1957).

■ It is true that, theoretically, a suspended sentence is available for a second or third felony offender under the same circumstances that it would be available for a first offender. See New York Penal Law, § 2188; United States ex rel. Foreman v. Fay, 184 F. Supp. 535, 538 n. 12 (S.D.N.Y.1960). However, it is unnecessary to decide the question whether a federal district court should entertain a habeas corpus petition on the basis of a possibility that the petitioner might receive a suspended sentence upon resentencing when the state sentencing judge was not prevented by the petitioner's former multiple offender status from originally suspending imposition or execution of sentence. See United States ex rel. Smith v. Martin, 239 F.2d 530 (2 Cir. 1956), rehearing denied, 242 F.2d 701 (2 Cir. 1957) (affirming denial of petition on prematurity

ground without considering apparent possibility of suspension of sentence if prior conviction were invalidated) ;[2] but cf. United States ex rel. Lawrence v. Fay, 222 F.Supp. 604, 605 n. 1 (S.D.N.Y. 1963) (possibility of reduction of maximum sentence). See generally United States ex rel. Foreman v. Fay, supra, 184 F.Supp. at 538–539 & nn. 12–14 (discussing without deciding the question). Under New York law, once the imprisonment directed by a judgment has been commenced, neither the sentence nor execution of the judgment may be suspended, even though the original judgment was a multiple offender sentence predicated upon a prior conviction subsequently invalidated. New York Penal Law, § 2188; People v. Von Glahn, 124 N.Y.S.2d 274 (Suffolk County Ct.1953), aff'd, 283 App.Div. 1116, 131 N.Y.S.2d 768 (2d Dep't), aff'd mem. 308 N.Y. 662, 124 N.E.2d 312 (1954), cert. denied, 349 U.S. 948, 75 S.Ct. 877, 99 L.Ed. 1273 (1955) ; Moore v. Thorn, 245 App. Div. 180, 281 N.Y.S. 49 (4th Dep't 1935), aff'd mem., 270 N.Y. 502, 200 N.E. 290 (1936).

It should also be noted that even if invalidation of the 1943 conviction would have the immediate effect of making petitioner eligible for parole, this alone would not be sufficient to warrant entertaining the application. See Holiday v. Johnston, 313 U.S. 342, 349, 61 S.Ct. 1015, 1017, 85 L.Ed. 1392 (1941) ; McNally v. Hill, 293 U.S. 131, 140, 55 S.Ct. 24, 28, 79 L.Ed. 238 (1934). Compare United States ex rel. Smith v. Jackson, 234 F.2d 742, 749 (2 Cir. 1956). Moreever, even assuming that he were to be granted the full good behavior allowance permitted by New York law, petitioner, since he is confined in a state prison, would not become eligible for parole until he had served a minimum period of one year less jail time allowance. New York Correction Law, §§ 212, 230. Thus, the earliest possible date at which petitioner could be released on parole if the 1943 conviction

2. See also United States ex rel. Bagley v. LaVallee, 2 Cir., 1964, 332 F.2d 890.

were set aside would be August 1964, so that his petition is, in any event, premature.

Accordingly, the application for a writ of habeas corpus is denied.

So ordered.