UNITED STATES of America ex rel.
Robert T. BURKE, Petitioner,

v.

Edward M. FAY, Warden of Green Haven
Prison, Stormville, New York,
Respondent.

United States District Court
S. D. New York.

July 8, 1964.

Robert T. Burke, Pro Se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for respondent, Vincent A. Marsicano, Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

■■ The Court does not reach the issue raised by petitioner's attack upon the validity of the judgment of conviction entered on June 20, 1962 in the County Court, Queens County, under which he was sentenced to a term of fifteen to thirty years. The petitioner is also concurrently imprisoned pursuant to a sentence of seven and a half to fifteen years imposed under a judgment of conviction entered on July 11, 1962 in the County Court, Nassau County. No appeal was taken from the latter judgment and its validity is not questioned by petitioner. Since he is lawfully confined under a valid judgment of conviction, Federal habeas corpus may not now be availed of to challenge the conviction entered in the Queens County Court.[1] Even if petitioner's attack on the Queens County conviction were determined favorably, and his application for the writ upheld, it would neither result in his immediate discharge or release on bail. The Federal writ may not be used as a form of a declaratory judgment or

a writ of error to test petitioner's future rights.[2]

The application for a writ of habeas corpus is denied and the petition is dismissed.

---

1. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934); Wood v. Crouse, 327 F.2d 81 (10th Cir. 1964). See United States ex rel. Kling v. LaVal-

lee, 306 F.2d 199, 203 (2d Cir. 1961) (Friendly, J., concurring).

2. United States ex rel. Smith v. Martin, 242 F.2d 701 (2d Cir. 1957).