## Petitions of Richard A. SHEKOSKI.
## Civ. A. Nos. 26180, 26450.

United States District Court
E. D. Michigan, S. D.

April 9, 1965.

Richard A. Shekoski, in pro. per.

Frank J. Kelley, Atty. Gen., by Allan D. Chisholm, Asst. Atty. Gen., for the State of Michigan.

McCREE, District Judge.

This opinion considers two Petitions for Habeas Corpus consolidated for hearing. In Case No. 26180, petitioner alleges that he is in custody in violation of the Constitution of the United States because of deprivation of certain rights in a jury trial for the offense of transferring possession of a stolen motor vehicle, conducted in the Macomb County, Michigan Circuit Court before the Honorable George R. Deneweth. This trial resulted

in his conviction of the charge and a sentence of 7½ to 10 years on February 25, 1963. Petitioner is presently confined at the Southern Branch of the Michigan State Prison at Jackson, Michigan.

In Case No. 26450, petitioner alleges that he is in custody in violation of the Constitution of the United States resulting from an occurrence in a trial for larceny from a person in the Wayne County, Michigan Circuit Court before the Honorable Theodore R. Bohn. This trial terminated on September 17, 1963 when the court accepted his plea of guilty to the crime of attempted larceny from a person and subsequently sentenced him to serve a term from 1 to 5 years, to run concurrently with the sentence previously imposed in the Macomb County Circuit Court.

Petitioner has apparently exhausted his remedies in Michigan State Courts to obtain review of both convictions. Motions to dismiss both petitions were filed by the Attorney General of the State of Michigan and a hearing was held in open court and petitioner appeared and presented argument. He contended that the Honorable Theodore R. Bohn was without jurisdiction to accept his plea to the offense of attempted larceny from a person because the information filed in that case charged larceny from a person and not the attempt. Petitioner contends that the acceptance of his plea deprived him of rights guaranteed him under the United States Constitution. Petitioner does not claim that his plea was involuntary nor does he assign any other reason for setting it aside except the failure of the information to charge the offense of attempt to commit larceny from a person.

■ In Civil Action No. 26450 (the Bohn conviction) the conviction and sentence must stand because a Michigan Court of competent jurisdiction may accept a plea of guilty to an attempt to commit a crime where the same substantive crime is charged in the information. In People v. Bradovich, 305 Mich. 329, 9 N. W.2d 560 (1943), the Michigan Supreme Court affirmed a conviction of attempt to commit larceny where the information charged only a consummated larceny. Conviction of the attempt was had following a trial without a jury. The court stated, "The offense here charged necessarily included an attempt to commit the crime of larceny in a store, and whether followed by consummation of that purpose or not did not require that it be in a separate count in the information." (305 Mich. p. 332, 9 N.W.2d p. 561). Accordingly, in Civil Action No. 26450 (the Bohn conviction) the attempt was included in the offense charged in the information, and conviction can result from a plea of guilty as well as from a finding of guilt by the judge or a jury.

■■ The laws of the United States command that, "(c) The writ of habeas corpus shall not extend to a prisoner unless— * * * (3) He is in custody in violation of the Constitution or laws or treaties of the United States;" (28 United States Code § 2241). Since the petitioner is presently confined under a sentence following a valid conviction, that which is attacked in Civil Action No. 26450 (the Bohn conviction), he is not "in custody in violation of the Constitution." Therefore the court need not consider the allegations raised in Civil Action No. 26180 attacking the conviction for transferring possession of a stolen motor vehicle because a reversal of that conviction would not result in petitioner's release. Thus until petitioner would be released but for the conviction alleged to be erroneous in Civil Action No. 26180 (the Deneweth conviction), the petition for habeas corpus in that case is premature. See, McNally v. Hill, Warden, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934); United States ex rel. Parker v. Ragen, 167 F.2d 792 (7th Cir. 1948); DeBara v. United States, 99 F. 942 (6th Cir. 1900); United States v. Warden, Green Haven Prison, 231 F.Supp. 179 (S.D.N.Y.1964).

Accordingly, it is ordered that the petitions for habeas corpus in Civil Actions No. 26180 and 26450 be and they are hereby dismissed.