William T. Cowin, J.
This is a motion by the defendant for a writ of error coram nobis to vacate the judgment of conviction on the ground that he was not advised of his right .to appeal and for resentence. No notice of appeal was ever filed. The defendant was convicted of the crime of robbery in the first degree, unarmed, on his plea of guilty and on June 26, 1957 sentenced as a third felony offender to Sing Sing Prison to a term of 45 to 60 years (Marasco, J.).
This court conducted a hearing pursuant to an order made by Mr. Justice Damiani on September 29, 1969. The court finds from the testimony adduced that the defendant was not advised of his right to appeal or if indigent, of his right to *400 prosecute Ms appeal without elpense to him by counsel assigned by the court, no.r the method by which he could effectuate the right of appeal. The defendant is therefore entitled to be resentenced mmc pro time (People v. Callaway, 24 N Y 2d 127; People v. Montgomery, 24 N Y 2d 130).
Defendant contends that the sentence imposed upon him was excessive and requests .that, in the event of resentence, it be modified and reduced. Coram nobis is not the proper procedure to raise the issue of excessiveness of sentence (People v. Carothers, 33 A D 2d 522). A .right of appeal exists from a judgment of conviction rendered upon a plea of guilty (People v. Garrow, 30 A D 2d 618; Code Crim. Pro., § 517; People v. Nixon, 21 N Y 2d 338). The Appellate Division has the power on appeal to reduce the sentence imposed on a defendant (People v. Speiser, 277 N. Y. 342; Code Crim. Pro., § 543). The defendant, if so advised, may also seek executive clemency (Code Crim. Pro., § 692). Finally, the defendant is presently serving the legal sentence that was imposed on Mm, and this court upon resentence may not amend or revise the sentence by either mitigating or increasing its severity since this would constitute an interruption of the imprisonment after it had commenced which is forbidden by law (Matter of Moore v. Thorn, 245 App. Div. 180, affd. 270 N. Y. 502; see, also, People v. Von Glahn, 283 App. Div. 1116, affd. 308 N. Y. 662; former Penal Law, § 2188; revised Penal Law, § 5.05, subd. 3; People v. Gambino, N. Y. L. J., Jan. 21, 1969, p. 19, col. 1).
The sentence entered on June 26, 1957 shall be vacated and the defendant will be resentenced mmc pro tunc for the sole purpose of affording him a new 30-day period during which he may file a notice of appeal. That part of the motion which requests a reduction of sentence upon resentence is denied.