Marie Lucie JEAN, Herold Jacques, and Lucien Louis, on behalf of themselves and all others similarly situated; Wilner Luberisse and Job Dessin, on behalf of themselves and all others similarly situated; and the Haitian Refugee Center, Inc., a non-profit membership corporation, on behalf of itself and its members, Petitioners and Plaintiffs,

v.

Doris MEISSNER, Acting Commissioner, Immigration & Naturalization Service; Joe G. Howerton, District Director Immigration & Naturalization Service, District VI, Lee Rowland, Assistant District Director for Deportation Immigration & Naturalization Service, District VI; Fred Alexander, Officer In Charge, Krome Avenue North Detention Facility; the Immigration & Naturalization Service; William French Smith, Attorney General of the United States, Respondents and Defendants.

No. 81–1260–Civ–ALH.

United States District Court,
S. D. Florida,
Miami Division.

July 6, 1981.

Kurzban & Kurzban by Ira J. Kurzban, Miami, Fla., Vera Weisz, Miami, Fla., Bruce J. Winick, Coral Gables, Fla., Kenneth Panzer, Miami, Fla., Irwin P. Stotzky, Coral Gables, Fla., for petitioners and plaintiffs.

Richard A. Marshall, Jr., Asst. U. S. Atty., Miami, Fla., for respondents and defendants.

## ORDER

HASTINGS, District Judge.

## I.  FINDINGS OF FACT

THIS CAUSE came before the Court on the Defendants' Return to Amended Petition for Habeas Corpus and Motion to have Parties Dropped and Claims Severed in the Complaint for Declaration, Injunction, and Mandatory Relief (hereinafter referred to as the "Return").

Petitioners[1] filed an Emergency Habeas Corpus Petition under 5 U.S.C. § 1105(a) and 28 U.S.C. § 2241 on 10 June 1981. On 12 June 1981, in open court, Petitioners' counsel informed the court and Respondents of Petitioners' intention to amend their Petition to include all Haitians that are in exclusion proceedings. (T.R. at 12 Hearing of 12 June 1981). On 12 June 1981, Respondents filed a Motion to Dismiss Petitioners' original habeas petition. On 16 June 1981, Petitioners and Plaintiffs[2] filed an Amended Petition for Writ of Habeas Corpus and Complaint for Declaratory, Injunctive, and Mandatory Relief—Class Action (hereinafter referred to as the "Amended Petition").

The Amended Petition challenged a variety of Respondents' procedures and policies used or threatened to be used in the processing for exclusion of Haitian refugees arriving in this country on or after May 20, 1981. It was alleged that these procedures and policies have already been applied to the original habeas Petitioners; some of these procedures and policies have already been applied to the newly added Plaintiffs; and some of these policies and procedures are threatened to be applied to the newly named Plaintiffs.

In addition to realleging the counts contained in Petitioners' original habeas petition, the Amended Petition added several additional claims for relief including a claim for declaratory, injunctive, and mandatory relief against the alleged discriminatory policies and procedures of the Immigration and Naturalization Service (hereinafter referred to as the "INS").

On 17 June 1981 the court, orally, ordered Respondents to reply to the Amended Petition by 19 June 1981. In compliance to such order, Respondents, on 19 June 1981, filed a Return to Amended Petition for Habeas Corpus and Motion to Have Parties Dropped and Claims Severed in the Complaint for Declaration, Injunctive, and Mandatory Relief (hereinafter referred to as the "Return").

1. Petitioners are defined as the class of Haitian refugees arriving in the United States on or after May 20th, 1981 who are applying for entry into the United States, who are detained without parole in various Immigration & Naturalization Service ("INS") Detention Facilities, and for whom a final order of exclusion and deportation has been entered.

2. Plaintiffs are defined as the class of all Haitian refugees arriving in the United States on or after May 20, 1981 who are applying for entry into the United States, who are held in detention without parole at various INS Detention Facilities, and for whom a final non-appealable order of exclusion and deportation has not been entered.

## II. DISCUSSION

█ In determining the propriety of the Amended Petition, the court is directed to 28 U.S.C. § 2242 (1948) which provides in pertinent part:

Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.

. . . .

It may be amended or supplemented as provided in the rules of procedure applicable to civil actions . . .

Amendments to pleadings in civil actions is governed by Rule 15 of the Federal Rules of Civil Procedure, Rule 15, 28 U.S.C.A., as amended, which provides in pertinent part:

A party may amend his pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires . . . .

The above provisions dictate that a petition for a writ of habeas corpus may be amended once as a matter of course at any time before a responsive pleading is served. A responsive pleading to a habeas petition is defined in 28 U.S.C. § 2243 as a "return" which certifies the "true cause of the detention."

In the instant case, Respondents contest the propriety of the Amended Petition. They allege that their motion to dismiss the original habeas petition was, in effect, their return to such petition. Thus, Respondents submit, Petitioners were precluded from filing any subsequent amendments to the original habeas petition absent leave of the court or consent of the adverse party. The court finds Respondents' position untenable.

As previously mentioned, 28 U.S.C. § 2243 explicitly defines a responsive pleading to a habeas petition as a "return" which certifies the "true cause of the detention." The rules governing habeas corpus proceedings do not provide that a motion to dismiss is, or can be construed as, a "return" to a habeas petition. Instead, such rules simply refer back to the Federal Rules of Civil Procedure which specifically exclude motions to dismiss from the definition of "responsive pleadings." Thus, there exists no authority which permits this court to allow Petitioners' motion to dismiss to serve as its return to the original habeas petition. Consequently, the Amended Petition is properly before the court since it was filed prior to Respondents' responsive pleading, albeit filed subsequent to Respondents' motion to dismiss.[3]

█ Respondents further contend that the Amended Petition is improper since it attempts to add an additional claim for declaratory, injunctive and mandatory relief. Respondents argue that this new claim is a lawsuit which exists separate and apart from the injunctive relief sought in the original petition. Amending habeas petitions to add new claims for declaratory, injunctive, and mandatory relief is not an anomaly in habeas corpus proceedings.

In *Cantrell v. Folsom*, 332 F.Supp. 767 (D.C.M.D.Fla.1971), petitioners applied for writs of habeas corpus; they attacked their convictions and detention as unlawful due to the unconstitutionality of the vagrancy ordinance under which they were arrested, alleging it to be so vague, indefinite, and overbroad as to constitute a denial of due process. Subsequently, the city moved to vacate the underlying convictions of the petitioners in an attempt to moot the habeas corpus proceedings. Petitioners moved to amend the petitions praying leave to proceed as a class on behalf of all those who

---

**3.** Assuming *arguendo* Respondents' motion to dismiss could be construed as a "return" for 28 U.S.C. § 2243 purposes, this court would still accept jurisdiction over the amended complaint by granting Petitioners leave to amend pursu- ant to Rule 15 of the Federal Rules of Civil Procedure. Such rule provides for amendment by leave of court if a responsive pleading has been filed. Rule 15 also provides that "leave shall be freely given when justice so requires."

might have fallen and did fall subject to prosecution for violation of the ordinance, and a declaration that the ordinance was unconstitutional. In permitting the original petitioners to amend their petition to add a new claim for declaratory relief the court reasoned:

> Certainly the declaratory relief sought is available in the appropriate circumstances. See Federal Habeas Corpus, Sokol, § 6.2; *United States v. Martin,* 242 F.2d 701 (2d Cir. 1957):
>
>> 'If the petitioner shows that he "is suffering and will continue to suffer, serious disabilities because of the law's complexities and not because of his fault," then the alternatives are to deny the petitioner a judicial remedy in the federal courts—an alternative that would reflect badly on our system of justice; to give him judicial access by means of habeas corpus; to give him judicial access not by habeas corpus but by some other means.'
>
> Sokol, at page 79, citing from the opinion in *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

It appears that the facts averred under the existing circumstances present a real controversy between the parties having adverse legal interests of such immediacy and reality as to warrant a declaratory judgment. *Altvater v. Freeman,* 319 U.S. 359, 63 S.Ct. 1115, 87 L.Ed. 1450 (1943).

332 F.Supp. at 769

*Cantrell* and similar cases are consistent with 28 U.S.C. § 1651(a) which provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Thus, where appropriate, a habeas court may grant injunctive, declaratory, and mandatory relief.

■ As a final attack on the Amended Petition, Respondents claim that such Petition represents a misjoinder of parties and claims which operate to the prejudice of Respondents. They therefore request, pursuant to Rule 21 of the Federal Rules of Civil Procedure, that the Plaintiffs be dropped and their claims severed from the original action, and that Plaintiffs be required to properly file a new lawsuit. Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

The converse of Rule 21 is found in the permissive joinder provision of Rule 20(a), which provides in pertinent part:

> (a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action . . . . A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

The indicia articulated in Rule 20(a) identify the circumstances in which joint proceedings are considered efficacious in civil cases. The crucial factor is the existence of common questions of law or fact, a consideration which largely determines whether or not joinder is economical in a habeas corpus case.

In the instant case, joinder of the new claims and parties satisfies the requirements of Rule 20(a). Petitioners and Plaintiffs seek relief against common defendants. Both classes raise identical legal claims, challenging the same policies and procedures applied and allegedly threatened to be applied to Haitian refugees in exclusion proceedings. It is alleged that some of the challenged INS procedures and policies have already been applied to members of both classes; some have already been ap-

plied to Petitioners and are threatened to be applied to Plaintiffs. Petitioners and Plaintiffs thus assert a right to relief jointly and severally in respect to and arising out of the same transaction, occurrence, and series of transactions or occurrences involving common questions of law and fact, therefore, making permissive joinder of these parties and their claims appropriate under Rule 20(a).

■ Although permitting joinder of the new claims in the Amended Petition would promote judicial economy by presenting an opportunity for a convenient and efficient unitary disposition of all the issues involved in this case, the court nevertheless recognizes the hardship the Respondents would suffer if they were compelled to litigate the new claims at this juncture.[4] However, it is the opinion of the court that any potential prejudice to the Respondents can be circumvented by bifurcating the proceedings. The court will therefore proceed to adjudicate all the claims set forth in the original habeas petition, but will reserve any adjudication on the new claims raised in the Amended Petition until such time as the Respondents have had time to adequately prepare and respond to such claims.[5]

And now, to wit, this 6th day of July, A.D. 1981, it is hereby ordered that Respondents' Motion to Have Parties Dropped and Claims Severed in the Complaint for Declaration, Injunctive, and Mandatory Relief is denied. Upon conclusion of the trial on the claims raised in the original habeas petition, Respondents have 60 days to prepare and respond to the new claims raised in the Amended Petition.

4. Respondents argue tenably, that the relatively shorter period of time for responding to a habeas action than for responding to a civil action, and the difficulties in conducting discovery and pre-trial preparation concerning the newly added claims in view of the courts decision to consolidate the hearing on the preliminary injunction with a trial on the merits pursuant to Rule 65(a)(2), operates to the prejudice of Respondents.

  Rule 12 of the Federal Rules of Civil Procedure enables the United States or any agency thereof to respond to a civil complaint within 60 days after proper service.

  Rule 65(a)(2) of the Federal Rules of Civil Procedure provides that a "court may order

the trial of the action on the merits to be advanced and consolidated with the hearing of the application [for a preliminary injunction]."

5. Rule 20(b) of the Federal Rules of Civil Procedure provides:

  (b) Separate Trials. The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and may order separate trials or make other orders to prevent delay or prejudice.